IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

Summary Calendar
No. 00-50894
USDC No. P-00-CR-119-1-F

_____


UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

MARTIN LOPEZ-AYALA, also known as Miguel Herrera-Torres,
also known as Miguel Angel Herrera-Torres,

Defendant-Appellee;

_____

Consolidated with
No. 00-51161
USDC No. P-00-CR-235-ALL-F

_____


UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

JAVIER CABRALES-LOPEZ,

Defendant-Appellee;

_____

Consolidated with
No. 00-51163
USDC No. P-00-CR-239-ALL-F

_____


UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

CARMEN ORTIZ-BERNAL,

Defendant-Appellee;

_____

Consolidated with
No. 00-51183
USDC No. P-00-CR-278-ALL
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

HECTOR OCTAVIO MENDOZA-GALLARDO,

Defendant-Appellee;

_____

Consolidated with
No. 00-51185
USDC No. P-00-CR-234-ALL
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

ALBERTO ZAPIEN-BACA,

Defendant-Appellee.
--------------------
Appeals from the United States District Court
for the Western District of Texas
--------------------
July 3, 2001
Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

The United States appeals the district court's downward departure

in sentencing in these five consolidated appeals.  Each defendant

---

[*]Pursuant to 5ᵀᴴ CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

pleaded guilty to an indictment charging illegal reentry, and the indictment neither alleged a prior aggravated felony conviction nor referenced subsection (b)(2) of 8 U.S.C. § 1326. The Government argues that the district court abused its discretion in departing downward from the relevant guideline range and sentencing each of the five defendants to two-years' imprisonment. We vacate the sentences and remand for resentencing.

Martin Lopez-Ayala argues that the Government failed to preserve its objection, and therefore, review is for plain error. Our review of the appellate record reveals that the Government's objection to application of Apprendi,[1] including opposition to a downward departure, was sufficiently raised in the district court.

While downward departures are reviewed for an abuse of discretion, see United States v. Hemmingson, 157 F.3d 347, 360 (5th Cir. 1998), district courts may depart downward from the applicable guideline range only when they find an "aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines." 18 U.S.C. § 3553(b); U.S.S.G. § 5K2.0, p.s. "When a court finds an atypical case, one to which a particular guideline linguistically applies but [in which] conduct significantly differs from the norm, the court may consider whether a departure is warranted." U.S.S.G. Ch. 1, Pt. A 4(b), p.s.; see Koon v. United States, 518 U.S. 81, 93-100 (1996). A departure is appropriate only in the extraordinary case that falls outside the "heartland"

_____

[1] Apprendi v. New Jersey, 530 U.S. 466 (2000).

of typical offenses covered by the relevant guideline.  U.S.S.G. Ch. 1, Pt. A 4(b), p.s.

Application of the abuse-of-discretion standard to a district court's departure ruling may entail consideration of a question of law.  See Koon, 518 U.S. at 100.  In this situation, we give no deference to the district court's underlying legal conclusion, but the abuse-of-discretion standard still applies.  "A district court by definition abuses its discretion when it makes an error of law." Id.

The district court's rationale for departing downward in these five cases was not based on the defendants' conduct or on the unique circumstances surrounding the offenses of conviction.  The court's rationale was based on Apprendi which the court viewed as casting doubt on the continuing viability of controlling Supreme Court authority, Almendarez-Torres v. United States, 523 U.S. 224, 226-27 (1998).  In Almendarez-Torres, the Supreme Court held that the penalties of 8 U.S.C. § 1326(b) are sentencing enhancements and do not constitute a separate offense from 8 U.S.C. § 1326(a) and that "neither the statute nor the Constitution requires the Government to charge the . . . earlier conviction[] in the indictment."  523 U.S. at 226-27.  The district court concluded that the question concerning Almendarez-Torres' continuing viability was sufficient to take these five convictions out of the heartland of illegal reentry cases for purposes of sentencing.

Apprendi did not overrule the holding of Almendarez-Torres. See Apprendi, 530 U.S. at 489-90; United States v. Chapa-Garza, 243

F.3d 921, 928 (5th Cir. 2001). The guidelines implement the sentencing enhancement provision of 8 U.S.C. § 1326(b)(2) through U.S.S.G. § 2L1.2(b)(1)(A). <u>United States v. Nava-Perez</u>, 242 F.3d 277, 278 (5th Cir. 2001), <u>petition for cert. filed</u>, (May 11, 2001) (No. 00-9979). The district court erred in its underlying legal conclusion and disregarded controlling authority. Without the erroneous underlying legal conclusion concerning the affect of <u>Apprendi</u> upon <u>Almendarez-Torres</u>, there is nothing to take the five cases outside the heartland of illegal-reentry cases. <u>See</u> <u>United States v. Grosenheider</u>, 200 F.3d 321, 334 (5th Cir. 2000). Thus, the district court abused its discretion in downwardly departing from the relevant guideline range. <u>See</u> <u>Koon</u>, 518 U.S. at 111.

We vacate the sentences and remand for resentencing not inconsistent with this opinion.

SENTENCES VACATED AND CAUSES REMANDED FOR RESENTENCING.