IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-50421
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BIVIANO AGUINAGA-JUAREZ, also known
as Agiunaga Viviano Juarez, also
known as Agiunaga Juarez, also known
as Viviano Aginga, also known as
Viviano Aguinaga-Juarez,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-99-CR-449-1-FB
--------------------
October 11, 2001

Before DAVIS, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Biviano Aguinaga-Juarez pleaded guilty to illegal reentry of
the United States after removal, a violation of 8 U.S.C. § 1326.
Aguinaga-Juarez's offense level was enhanced 16 levels pursuant
to U.S.S.G. § 2L1.2(b)(1)(A) based on his Texas felony driving-
while-intoxicated ("DWI") conviction, which was characterized as
an aggravated felony.  The district court sentenced Aguinaga-

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Juarez to 70 months' imprisonment and three years' supervised release.

Aguinaga-Juarez avers first that under the plain language of 8 U.S.C. § 1231(a)(5), which provides that a prior order of removal may be "reinstated from its original date," the date of his deportation was 1997. Therefore, Aguinaga-Juarez contends that the district court erred in imposing the 8 U.S.C. § 1326(b)(2) enhancement because his removal would not have been subsequent to his 1999 DWI conviction. Aguinaga-Juarez also argues that any ambiguity in 8 U.S.C. § 1231(a)(5) should be construed in his favor in accordance with the rule of lenity.

Aguinaga-Juarez's argument is foreclosed by this court's decision in United States v. Nava-Perez, 242 F.3d 277 (5th Cir.), cert. denied, 121 S. Ct. 2537 (2001). In Nava-Perez, this court held that when two removals are based on the same order, with the subsequent removal based on the order's reinstatement, they are nevertheless separate removals. Id. at 279. If, as is the case here, an alien is convicted of a felony prior to the second removal, he qualifies for 8 U.S.C. § 1326(b)(2)'s penalty enhancement. Id.

Aguinaga-Juarez argues for the first time on appeal that a prior felony conviction is an element of the offense of illegal reentry following deportation and that his indictment was defective because it did not allege a prior felony conviction. Aguinaga-Juarez concedes that his argument is foreclosed by United States v. Almendarez-Torres, 523 U.S. 224 (1998). Aguinaga-Juarez contends, however, that Apprendi v. New Jersey,

530 U.S. 466 (2000), casts doubt on Almendarez-Torres and that he is raising the argument to preserve it for Supreme Court review.

Apprendi did not overrule Almendarez-Torres. See Apprendi, 530 U.S. at 489-90; see also United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000)(noting that the Supreme Court in Apprendi expressly declined to overrule Almendarez-Torres), cert. denied, 121 S. Ct. 1214 (2001). This court must therefore follow the precedent set in Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it." Dabeit, 231 F.3d at 984 (internal quotation marks and citation omitted); see also Nava-Perez, 242 F.3d at 279.

Aguinaga-Juarez argues that the district court erred by increasing his offense level by 16 levels under U.S.S.G. § 2L1.2(b)(1)(A) because his prior Texas felony conviction for DWI is not an aggravated felony. This court conducts a de novo review of a district court's application of the guidelines. United States v. DeSantiago-Gonzalez, 207 F.3d 261, 263 (5th Cir. 2000).

A Texas felony DWI conviction is not a "crime of violence" as defined in 18 U.S.C. § 16 and thus is not an aggravated felony for the purpose of a U.S.S.G. § 2L1.2(b)(1)(A) 16-level enhancement. United States v. Chapa-Garza, 243 F.3d 921, 927 (5th Cir. 2001). Thus, the district court committed error by increasing Aguinaga-Juarez's offense level by 16 levels for his Texas felony DWI conviction. Accordingly, Aguinaga-Juarez's sentence is VACATED, and this matter is REMANDED for resentencing.