UNITED ·STATES. of America, Plaintiff–Appellee,

v.

Melesio CARRILLO–LOPEZ, aka, Jose Lopez–Chavez, Defendant–Appellant.

No. 00–10631.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2002.*

Filed Dec. 20, 2002.

* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

Jason F. Carr, Assistant Federal Public Defender, Office of the Federal Public Defender, Las Vegas, NV, for the defendant-appellant.

Robert A. Bork, Assistant United States Attorney, Narcotics & Violent Crimes Section, United States Attorney, Las Vegas, NV, for the plaintiff-appellee.

Before: BERZON, TALLMAN and CLIFTON, Circuit Judges.

PER CURIAM:

■ Melesio Carrillo–Lopez is a 36–year–old native and citizen of Mexico. He appeals the 70–month sentence imposed following his guilty plea to illegal re-entry, in violation of 8 U.S.C. § 1326. Mr. Car-rillo–Lopez argues that the district court improperly enhanced his sentence based on the existence of a prior aggravated felony. We review de novo the question of whether the aggravated felony provisions of the Sentencing Guidelines apply to a conviction. *United States v. Yanez–Sauce-do,* 295 F.3d 991, 993 (9th Cir.2002).

In June 1995, Mr. Carrillo–Lopez was convicted in Los Angeles County of felony spousal abuse and sentenced to a suspended sentence of 365 days in jail and three years probation. He was then formally removed by order of the Immigration and Naturalization Service in December 1995 and again in April 1996.

By August 1998, Mr. Carrillo–Lopez had returned to the United States. He was arrested for possession of cocaine. Two months later, his probation was revoked, and he was sentenced to two years imprisonment for the 1995 spousal abuse conviction, as well as to two years in prison for the drug charge. In October 1999, Mr. Carrillo–Lopez was removed again based on a reinstatement of his 1996 removal order pursuant to 8 U.S.C. § 1231(a)(5). He was once more found to be in the United States illegally in December 1999.

■ 1. Mr. Carrillo–Lopez contends that because he was not sentenced to a term of imprisonment until his probation was revoked in 1998, his 1995 conviction does not qualify as an aggravated felony under 8 U.S.C. § 1101(a)(43)(F) (designating as aggravated felonies those crimes of violence for which the term of imprisonment is at least one year).[1] We concluded in *United States v. Jimenez,* 258 F.3d 1120, 1125–26 (9th Cir.2001), however, that a term of imprisonment of the requisite length resulting from a probation violation

---

**1.** The aggravated felony element of "crime of violence" is admitted by the appellant, so the appeal's focus is on the requirement that Mr. Carrillo–Lopez's crime receive a sentence of at least one year. *See* 8 U.S.C. § 1101(a)(43)(F).

is not legally distinct so long as it is imposed prior to removal and re-entry. A defendant convicted in these circumstances has committed an aggravated felony for the purposes of United States Sentencing Guideline § 2L1.2(b)(1)(A).[2] In this case, therefore, the district court correctly applied the relevant sentencing enhancement. *See* U.S.S.G. § 2L1.2(b)(1)(A) (imposing a 16–level enhancement for a prior conviction for an "aggravated felony").

■ 2. Mr. Carrillo–Lopez argues in the alternative that the INS's use of the procedure in 8 U.S.C. § 1231(a)(5)[3] to reinstate his 1996 removal order should "reset" the relevant time period for evaluating his 1995 conviction to 1996, thereby precluding reliance on his 1998 revocation of probation to justify the sentencing enhancement. We reject appellant's premise and follow the Fifth Circuit in holding that appellant cannot benefit from the temporal fiction that the reinstatement procedure employs to draw on the authority of a prior removal order "from its original date." *See* 8 U.S.C. § 1231(a)(5).

*United States v. Nava–Perez,* 242 F.3d 277 (5th Cir.2001), concerned a defendant convicted for an aggravated felony whose deportation order was subsequently reinstated pursuant to 8 U.S.C. § 1231(a)(5). After Mr. Nava–Perez was deported for a second time he was again found in the United States and indicted for illegal re-entry. *Nava–Perez,* 242 F.3d at 278. The appellant in *Nava–Perez* made the same argument as Mr. Carrillo–Lopez now does. The Fifth Circuit rejected Mr. Nava–Perez's assertion that the time of the original removal order, as referenced by the INS's reinstatement procedure, was the critical date for assessing the existence of an aggravated felony. Substituting the facts of this case, we hold that: "[Mr. Carrillo–Lopez] confuses reinstatement of the 'order of removal' with his actual removal under that reinstated order. He was removed [in 1996] and again in 1999, after his 1998 aggravated felony conviction. Although both removals are based on the same 199[6] order, with the second being based on the order's reinstatement, they are, nevertheless, separate removals. Because the 1999 removal was subsequent to 1998, when [Mr. Carrillo–Lopez] committed an aggravated felony, he was subject to the enhanced penalty ...." *Id.* at 279 (emphasis in original).

For the foregoing reasons, the district court's sentence is AFFIRMED.

---

2. A substantial amendment to this Guideline became effective on November 1, 2001. The district court applied the old version of this Guideline because it was the version in effect at the time the court sentenced Mr. Carrillo–Lopez. We analyze the pre-amendment version of the Guideline here. *See* U.S.S.G. § 1B1.11(a) ("The court shall use the Guidelines Manual in effect on the date that the defendant is sentenced."); *Yanez–Saucedo,* 295 F.3d at 992 n. 1 (analyzing "the version of [U.S.S.G. § 2L1.2] in effect at the time of the October 2000 sentencing" when the amendments to § 2L1.2 became effective during the pendency of the appeal).

3. This provision states that: "If the Attorney General finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed, the alien is not eligible and may not apply for any relief under this Act, and the alien shall be removed under the prior order at any time after the reentry." 8 U.S.C. § 1231(a)(5).