United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 27, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-20492
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS ERNESTO CANALES-SIGUENZA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:04-CR-330-ALL
--------------------

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Carlos Ernesto Canales-Siguenza (Canales) challenges his conviction for illegal reentry, in violation of 8 U.S.C. § 1326, and resulting 33-month sentence. He first contends that the district court erred in denying his motion to suppress and to dismiss the indictment on the ground that his removal proceedings in June 2000 were fundamentally unfair.

The district court's denial of the suppression motion is reviewed de novo. See United States v. Lopez-Vasquez, 227 F.3d

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

476, 481-82 (5th Cir. 2000). Because Canales failed to exhaust his remedies and has not shown that he was deprived of judicial review as to the underlying removal order, we find no error in the district court's ruling. See United States v. Mendoza-Mata, 322 F.3d 829, 832 (5th Cir. 2003) (internal quotations and citations omitted); United States v. Benitez-Villafuerte, 186 F.3d 651, 658 & n.8 (5th Cir. 1999); 8 U.S.C. § 1326(d); see also United States v. Lopez-Ortiz, 313 F.3d 225, 230 (5th Cir. 2002).

Canales devotes his argument regarding exhaustion and judicial review to his 2000 removal. He does not explain why he failed to challenge the later, separate, July 2003 removal order, either administratively or judicially. See United States v. Nava-Perez, 242 F.3d 277, 279 (5th Cir. 2001). To the extent that Canales argues that his failure to exhaust should be excused because he was never informed that he was eligible for relief under 8 U.S.C § 1159(c), his argument fails because he was not in fact eligible for such relief given that he had not applied for (but had actually withdrawn his application for) adjustment of status. See 8 U.S.C. §§ 1128, 1159(a)(2) and (c).

Canales' argument that the sentencing provisions in § 1326 are unconstitutional is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Canales contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly

rejected such arguments on the basis that <u>Almendarez-Torres</u> remains binding. <u>See</u> <u>United States v. Garza-Lopez</u>, 410 F.3d 268, 276 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 298 (2005). Canales properly concedes that his argument is foreclosed in light of <u>Almendarez-Torres</u> and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.