**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Roberto FLORES–PIMIENTA,**
**Defendant—Appellant.**

**No. 05–50664.**

United States Court of Appeals,
Ninth Circuit.

Submitted June 7, 2006.*

Filed Aug. 18, 2006.

Christopher M. Alexander, Esq., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Alice L. Fontier, Esq., James Fife, Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: D.W. NELSON, RAWLINSON, and BEA, Circuit Judges.

## MEMORANDUM **

Roberto Flores–Pimienta appeals his conviction and sentence for illegal re-entry after deportation under 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm his conviction, vacate his sentence and remand for resentencing.

A removal effectuated either by an order of removal or by the reinstatement of an order of removal constitutes a removal under 8 U.S.C. § 1326. *Cf. United States v. Luna–Madellaga,* 315 F.3d 1224, 1226 (9th Cir.2003) (discussing 8 U.S.C. § 1326(b)); *United States v. Carrillo–Lopez,* 313 F.3d 1185, 1187 (9th Cir.2002) (same). Therefore, the factual basis for Flores–Pimienta's plea was adequate, and we must uphold his conviction.

To determine the existence of a prior conviction, the district court may rely on *"any* information … so long as it has sufficient indicia of reliability to support its probable accuracy." *See United States v. Marin–Cuevas,* 147 F.3d 889, 894–95 (9th Cir.1998) (internal alterations omitted)

(emphasis added). In the present circumstances, both the unchallenged presentence report and the judgments of conviction were sufficiently reliable. *Id.* at 895 (holding that a presentence report that is challenged only as insufficient proof constituted sufficient evidence); *United States v. Carroll,* 932 F.2d 823, 825 (9th Cir.1991) ("In the absence of other evidence, the court records … must be presumed to be correct."). Therefore, the district court properly calculated Flores–Pimienta's criminal history category.[1]

Nevertheless, we are compelled to conclude that the district court imposed a sentence that was unreasonable under *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Our recent precedent makes clear that the consideration of the sentencing factors set forth in 18 U.S.C. § 3553 is mandatory. *United States v. Diaz–Argueta,* 447 F.3d 1167, 1171 (9th Cir.2006) (citing *Booker,* 543 U.S. at 261, 125 S.Ct. 738). "This requirement does not necessitate a specific articulation of each factor separately, but rather a showing that the district court considered the statutorily-designated factors in imposing a sentence." *United States v. Knows His Gun,* 438 F.3d 913, 918 (9th Cir.2006); *see also United States v. Mix,* 442 F.3d 1191, 1196–97 (9th Cir. 2006). Here, there was no such showing. Apart from the Sentencing Guidelines, the district court was absolutely silent as to the factors listed in § 3553(a). Even careful consideration of the presentence report and the arguments presented by the government and the defendant will not cure

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. We note that the limits imposed by *Shepard v. United States,* 544 U.S. 13, 125 S.Ct. 1254, 1263, 161 L.Ed.2d 205 (2005), are inapplicable in the instant case. *Shepard* merely limits

the range of documents upon which the court may rely in determining whether a prior conviction is a predicate offense under the modified categorical approach of *Taylor v. United States,* 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), which is not at issue here. *Shepard,* 125 S.Ct. at 1257, 1259–60.

such an error. *Diaz–Argueta*, 447 F.3d at 1171–72.

Accordingly, Flores's conviction is **AFFIRMED**. The sentence is **VACATED**, and the case is **REMANDED** for resentencing.