United States Court of Appeals
Fifth Circuit

**F I L E D**

November 28, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 04-20720

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LEVER SANDER FUENTES-SALGADO,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:04-CR-20-1

Before JONES, Chief Judge, and DAVIS and GARZA, Circuit Judges.

PER CURIAM:[*]

Lever Sander Fuentes-Salgado was convicted after a stipulated bench trial of illegal reentry after deportation in violation of 8 U.S.C. § 1326 and was sentenced to sixty-three months of imprisonment and three years of supervised release. He appeals his conviction and sentence.

Fuentes-Salgado argues that the statute authorizing the streamlined reinstatement procedures, 8 U.S.C. § 1231(a)(5) (INA § 241(a)(5)), which became effective on April 1, 1997, as part of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), does not apply retroactively to him because he reentered the United States before that date. The Supreme Court held in Fernandez-Vargas v. Gonzales, 126 S. Ct. 2422, 2425 (2006), that § 1231(a)(5) "applies to those who entered before IIRIRA and does not retroactively affect any right of, or impose any burden on" the alien.

Fuentes-Salgado argues that his 1998 reinstatement order does not count as an order of removal as contemplated in the illegal reentry statute. He concedes that this court has previously rejected this argument in United States v. Nava-Perez, 242 F.3d 277, 279 (5th Cir. 2001), holding that a second removal based on the reinstatement of a prior removal order is a separate removal from the original removal order and makes the alien subject to the enhanced penalty of § 1326(b)(2). He raises the issue to preserve it for further review by the Supreme Court.

Fuentes-Salgado argues that the procedures used to effect his 1998 reinstatement order did not comport with due process. He contends that the procedures employed pursuant to § 1231(a)(5) and the implementing regulation, 8 C.F.R. § 241.8, were fundamentally unfair and prejudiced him. He contends that his conviction should be overturned and the indictment dismissed.

An alien who is prosecuted under § 1326 may, under certain circumstances, challenge the deportation order that is used as an element of the criminal offense. United States v. Mendoza-

Lopez, 481 U.S. 828, 838-39 (1987); United States v. Benitez-Villafuerte, 186 F.3d 651, 658 (5th Cir. 1999). To challenge the validity of an underlying deportation order, an alien must establish that: (1) the prior deportation hearing was fundamentally unfair; (2) the hearing effectively eliminated the alien's right to seek judicial review of the removal order; and (3) the procedural deficiencies caused actual prejudice. United States v. Lopez-Vasquez, 227 F.3d 476, 483 (5th Cir. 2000). Additionally, an alien may not challenge the validity of a deportation order unless he exhausted available administrative remedies. See § 1326(d)(1); see also Benitez-Villafuerte, 186 F.3d at 658 & n.8 (noting that this court's interpretation of Mendoza-Lopez effectively was codified in § 1326(d)). If the alien fails to establish one prong of the test, the others need not be considered. See United States v. Lopez-Ortiz, 313 F.3d 225, 231 (5th Cir. 2002). This court reviews de novo the district court's ruling on a collateral challenge to a deportation proceeding when constitutional challenges are raised. See Lopez-Vasquez, 227 F.3d at 481-82.

This court would have had jurisdiction to consider a petition for review of Fuentes-Salgado's 1998 reinstatement order. See Ojeda-Terrazas v. Ashcroft, 290 F.3d 292, 295 (5th Cir. 2002) (holding that reinstatement orders under § 241(a)(5) can be reviewed). Fuentes-Salgado argues that "any meaningful possibility of review was precluded" because the procedures under § 1231(a)(5) did not give him an opportunity to place information into the

3

administrative record or to introduce documents.  He argues that the restrictive rules governing the reinstatement procedure and its limited review "deprived him of the opportunity for any effective judicial review."

Fuentes-Salgado does not state what evidence he would have submitted to the immigration officer, other than that bearing on his plea for asylum.  The reinstatement statute provides a restriction on removal to a country where the alien's life or freedom would be threatened.  § 1231(b)(3).  The regulation governing the reinstatement procedures allows an alien to present evidence on a claim of asylum.  If the alien "expresses a fear of returning to the country designated" in the reinstated removal order, "the alien shall be immediately referred to an asylum officer for an interview to determine whether the alien has a reasonable fear of persecution or torture."  § 241.8(e).  The reinstatement procedures did not deprive Fuentes-Salgado of the opportunity for judicial review.

Because Fuentes-Salgado has not demonstrated that the reinstatement procedures effectively eliminated his right to seek judicial review of the removal order, this court need not address the other factors required to mount a collateral attack on the deportation order.  See Lopez-Ortiz, 313 F.3d at 231.

Fuentes-Salgado argues that the district court committed reversible error when it sentenced him pursuant to the mandatory sentencing guidelines system held unconstitutional in United States

4

v. Booker, 543 U.S. 220, 244-45 (2005), which requires that his sentence be vacated and remanded for resentencing.  He contends that this was not harmless error because the district court indicated that it would sentence him to a lesser sentence of twenty-four months if the Sentencing Guidelines were held unconstitutional.

The Government concedes that although the Guidelines were not held unconstitutional in their entirety, given the difference between the guideline sentence of sixty-three months and the alternative sentence of twenty-four months, it "cannot demonstrate beyond a reasonable doubt that the district court's incorrect view of the Guidelines as mandatory was harmless."  Because of the district court's statements in connection with the imposition of the alternative sentence, the Government has not shown harmless error, and Fuentes-Salgado is entitled to have his sentence vacated and this case remanded for resentencing in accordance with Booker. See United States v. Walters, 418 F.3d 461, 464-66 (5th Cir. 2005); United States v. Adair, 436 F.3d 520, 527-29 (5th Cir.), cert. denied, 126 S. Ct. 2306 (2006) (vacating and remanding for resentencing for district court to consider Booker when imposing alternative sentence).

Fuentes-Salgado argues that the district court erred by increasing his base offense level sixteen points under U.S.S.G. § 2L1.2(b)(1)(A)(ii) based on his conviction of a crime of violence.  This court held in Nava-Perez, 242 F.3d at 279, that a

second removal based on the reinstatement of a prior removal order is a separate removal from the original removal order and makes the alien subject to the enhanced penalty of § 1326(b)(2). Further, the enhanced penalty also applies if the alien "unlawfully remained in the United States" after a conviction of a crime of violence. § 2L1.2(b)(1). Fuentes-Salgado does not argue that he did not remain in the United States after his conviction for burglary of a habitation in 1998, nor can he, because he was subsequently found in the United States, leading to the present § 1326 conviction.

Fuentes-Salgado argues that the Government's refusal to move for and the district court's denial of the third point for acceptance of responsibility under § 3E1.1(b) was erroneous. The district court did not err in not granting the third point because the Government did not make the motion. § 3E1.1(b).

Fuentes-Salgado argues that the district court erred by adding one point to his criminal history score under § 4A1.1(c) based on his prior conviction for harboring a runaway child on November 12, 1993. He contends that his § 1326 offense occurred on December 8, 2003, and so his November 1993 conviction could not be counted because it was imposed more than ten years prior to the current offense, according to § 4A1.2(e).

This court has held that the offense of "being found" in the United States illegally following deportation is a continuing one which begins when a defendant reenters the United States illegally and continues until the defendant is found in the United

6

States.  See United States v. Reyes-Nava, 169 F.3d 278, 280 (5th Cir. 1999); United States v. Santana-Castellano, 74 F.3d 593, 598 (5th Cir. 1996).  Fuentes-Salgado admitted that he reentered in 1999.  The district court did not err in counting Fuentes-Salgado's 1993 conviction in his criminal history score.

Fuentes-Salgado argues that the district court erred by adding two points to his criminal history score under § 4A1.1(e) because he did not commit the instant offense less than two years after release from imprisonment.  For the same reason, based on Reyes-Nava, 169 F.3d at 280, and Santana-Castellano, 74 F.3d at 598, the district court did not err in adding the two points to Fuentes-Salgado's criminal history score.

Fuentes-Salgado argues that the district court should have granted a downward departure under § 5K2.12 due to his unusual circumstances in fleeing El Salvador during the war to escape persecution, and under § 5H1.6 due to his family obligations.  This court does not have jurisdiction to review this determination.  See United States v. Brace, 145 F.3d 247, 263 (5th Cir. 1998)(en banc).

For the foregoing reasons, the conviction is AFFIRMED; Appellant's sentence is REVERSED and the case REMANDED to allow the district court either to resentence or, at its option, sentence Appellant to twenty-four months imprisonment.

**CONVICTION AFFIRMED; SENTENCE VACATED AND REMANDED WITH INSTRUCTIONS.**