**UNITED STATES of America, Plaintiff–Appellant,**

v.

**Jairo MACHICHE–DUARTE, aka Jairo Machiche, Defendant–Appellee.**

No. 01–10361.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 12, 2002.

Filed April 18, 2002.

**1154**

Virginia Kelly, Assistant United States Attorney, Tucson, AZ, for the appellant.

Ralph Ellinwood, CJA, Tucson, AZ, for the appellee.

Before BRUNETTI, LEAVY, and T.G. NELSON, Circuit Judges.

## OPINION

BRUNETTI, Circuit Judge.

The United States appeals from an order of the United States District Court for the District of Arizona entering a judgment against defendant Jairo Machiche–Duarte ("defendant"), convicting him, following a guilty plea, of illegal reentry into the United States after having been deported following conviction of an aggravated felony, in violation of 8 U.S.C. § 1326, and sentencing him to 18 months imprisonment followed by 36 months of supervised release. On appeal, the United States argues that the District Court erred in granting the defendant's request for a downward sentencing departure under U.S.S.G. § 2L1.2 Application Note 5. We agree, and reverse the sentencing decision of the District Court.

I.

The defendant is a native and citizen of Mexico. He pled guilty to Solicitation to Commit Shoplifting in Pima County, Arizona on June 15, 1998, and was sentenced to one year in prison. On September 17, 1998, the defendant pled guilty to Attempted Theft, and was sentenced to one year in prison to be served consecutively with the prior sentence. Both were felony convictions. The defendant was released from custody on September 13, 1999, and de-

ported by the Immigration and Naturalization Service on the same day.

After deportation, the defendant reentered the United States without permission and was found and arrested in Tucson, Arizona on November 20, 2000. The defendant agreed to plead guilty to reentry after deportation in violation of 8 U.S.C. § 1326(a).[1] The plea agreement called for 37 to 46 months imprisonment for the defendant's Class IV criminal history. The probation department prepared a presentencing report ("PSR") that called for a guideline range of 57 to 71 months imprisonment. The probation department reached this sentencing range using the November 1, 2000 edition of the Guidelines, beginning with a base offense level of 8 pursuant to U.S.S.G. § 2L1.2(a) for unlawful entry into the United States. The probation department then applied a 16 level increase pursuant to U.S.S.G. § 2L1.2(b)(1)(A) because the defendant was previously deported following an aggravated felony.[2] Finally, the probation department subtracted three levels because the defendant accepted responsibility for his actions, which resulted in a total offense level of 21.

At sentencing, the district court heard the defendant's objections to the presentencing report. The court first adjusted the defendant's criminal history to level III because the government could not prove that the defendant had been represented by counsel in a prior assault conviction. This decision reduced the sentencing range to 30 to 37 months. The court then considered the defendant's request for an additional departure pursuant to U.S.S.G. § 2L1.2 Application Note 5. Over the government's objection, the district court granted the defendant's request, stating "I think the defendant's situation is unique in these type of cases. He was working, even though illegally, but he was working to support his family; he had two jobs. Due to his youthfulness and the fact that the prior felonies were committed when he was supporting a drug habit, the Court is going to give the note 5 departure." This decision reduced the defendant's sentence to 18 months. The United States now appeals the Note 5 sentencing departure.

## II.

■ We review the district court's interpretation and application of the Sentencing Guidelines for an abuse of discretion. *See Koon v. United States,* 518 U.S. 81, 99–100, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996); *United States v. Sanchez–Rodriguez,* 161 F.3d 556, 559 (9th. Cir.1998) (en banc).

U.S.S.G. § 2L1.2 (2000) provides that the offense of Unlawfully Entering or Remaining in the United States carries a

---

**1.** Section 1326(a) states in relevant part:

[A]ny alien who—
(1) has been ... deported[] or removed ..., and thereafter
(2) enters, attempts to enter, or is at any time found in, the United States, unless (A) prior to his reembarkation at a place outside the United States or his application for admission from foreign contiguous territory, the Attorney General has expressly consented to such alien's reapplying for admission; or (B) with respect to an alien previously denied admission and removed, unless such alien shall establish that he was not required to obtain such advance

consent under this chapter or any prior Act, shall be fined ... or imprisoned ...

**2.** Section 2L1.2(b)(1) provides in relevant part:

If the defendant previously was deported after a criminal conviction, or if the defendant unlawfully remained in the United States following a removal order issued after a criminal conviction, increase as follows (if more than one applies, use the greater):
(A) If the conviction was for an aggravated felony, increase by 16 levels (emphasis omitted).

Base Offense Level of 8. The section also contains a provision that increases the Offense Level by 16 points if the defendant was previously deported after a criminal conviction for an aggravated felony. *See* U.S.S.G. § 2L1.2 (b)(1)(A). The list of aggravated felonies that trigger the sentence enhancement are found at 8 U.S.C. § 1101(a)(43).[3] However, Application Note 5 for U.S.S.G. § 2L1.2 provides the sentencing judge with some discretion to depart from the 16 point sentence enhancement required for aggravated felonies:

> Aggravated felonies that trigger the adjustment from subsection (b)(1)(A) vary widely. If subsection (b)(1)(A) applies, and (A) the defendant has previously been convicted of only one felony offense; (B) such offense was not a crime of violence or firearms offense; and (C) the term of imprisonment imposed for such offense did not exceed one year, a downward departure may be warranted based on the seriousness of the aggravated felony.

U.S.S.G. § 2L1.2, Application Note 5.

■ In deciding to grant the defendant's request for downward departure, the district court addressed several factors that do not relate to the seriousness of the defendant's prior aggravated felony, including his young age, the fact that he was working two jobs to support his family, and the fact that he was supporting a drug habit at the time his previous crimes were committed. However, in reducing the defendant's sentence, the court explicitly did so under Note 5. The defendant did not seek a departure on any other grounds, and did not raise any other issues on appeal. We "may not search the record for

the possible reasons for departure; instead, we must rely solely on the reasons expressed by the court below." *United States v. Working*, 224 F.3d 1093, 1102 (9th Cir.2000) (en banc) (citing *United States v. Henderson*, 993 F.2d 187, 189 (9th Cir.1993)). Therefore, the scope of our review is limited to whether a Note 5 departure was an abuse of discretion.

■ The plain language of Application Note 5 excludes the defendant from sentence reduction eligibility because of his two prior felony convictions. Note 5 expressly excludes defendants with more than one felony conviction from sentence reduction eligibility in the first of its three prongs. In order to be eligible for a Note 5 reduction, the defendant must first meet all three specific requirements of the Note. Then, if and only if all three requirements are met, the Note permits the sentencing judge to reduce the sentence at his or her discretion based on the seriousness of the aggravated felony.

At least six other circuits have agreed that the three prongs contained in Note 5 are prerequisites to a sentencing departure under § 2L1.2. *See United States v. Tappin*, 205 F.3d 536, 540–41 (2nd Cir. 2000) (holding that a defendant with two prior felony convictions was not eligible for a Note 5 reduction); *United States v. McKenzie*, 193 F.3d 740, 742 (3rd Cir.1999) (holding that a defendant who was sentenced to more than one year for a prior aggravated felony did not qualify for a Note 5 reduction); *United States v. Marquez–Gallegos*, 217 F.3d 1267, 1269–71 (10th Cir.2000) (same); *United States v. Yanez–Huerta*, 207 F.3d 746, 749 (5th Cir. 2000) (same); *United States v. Palomino–*

---

**3.** Section 2L1.2 Application Note 1 incorporates the definition of "aggravated felony" found in 8 U.S.C. § 1101(a)(43). Section 1101(a)(43)(G) provides that any theft offense for which the term of imprisonment is at least

one year is an aggravated felony. The defendant does not dispute that he was convicted of at least one crime meeting the Section 1101 definition of aggravated felony.

*Rivera,* 258 F.3d 656, 660 (7th Cir.2001) (holding that "[a] defendant whose record does not satisfy all three criteria enumerated in the note therefore cannot be considered atypical and consequently outside of the heartland of illegal reentry cases"); *United States v. Sanchez–Sanchez,* 24 Fed. Appx. 342, 343 (6th Cir.2001) (holding that a defendant with two prior felonies for which he was sentenced to more than one year imprisonment was not Note 5 eligible).

This circuit discussed Note 5 in dictum in *United States v. Sanchez–Rodriguez.* In that case, the defendant was sentenced under the 1995 Sentencing Guidelines, which contained a different version of § 2L1.2. *Sanchez–Rodriguez,* 161 F.3d at 559 n. 1. Like the 2000 version confronting this panel, the 1995 version set forth an Offense Level of 8 for Unlawfully Entering or Remaining in the United States and required a 16 level increase if the defendant had been deported after an aggravated felony conviction. *See* U.S.S.G. § 2L1.2 (1995). However, the 1995 version and its Application Notes did not address *any* possible situations where a downward departure might be appropriate. *Id.* The en banc panel applied the analysis set forth in *Koon v. United States* and determined that a departure under § 2L1.2 was warranted because the defendant's prior drug conviction was so minor that it took "the case out of the heartland of the Guidelines." *Sanchez–Rodriguez,* 161 F.3d at 561 (citing *Koon,* 518 U.S. at 96, 116 S.Ct. 2035).[4] The en banc panel then briefly addressed Note 5, which had been added to the 1996 version of § 2L1.2, stating "[i]n reaching our decision, we reject the contention of both parties that the recent revisions to section 2L1.2 of the Guidelines affect or

control the outcome of this case." *Id.* at 562. However, the panel cited with approval to an Eighth Circuit case that held that the 1996 amendment clarified the 1995 version of the Guidelines and "established that the seriousness of the predicate felony was an *encouraged* ground for departure." *Id.* at 562–63 (citing *United States v. Diaz–Diaz,* 135 F.3d 572, 581 (8th Cir.1998)). The panel went on to say that "[a]lthough we agree with the ultimate decision reached by the Eighth Circuit, we reach the same conclusion without reference to the new amendment, and without deciding whether the amendment is clarifying or substantive." *Id.* at 563 (footnote omitted). "If the amendment is substantive and adversely affects this defendant, it would not apply. If it is clarifying, it would apply and would support our conclusion that the district court may depart downward based on the nature of a defendant's predicate felony. Thus, we reject the government's argument that the new note five to section 2L1.2 limits the circumstances in which departure is warranted." *Id.* at 563 n. 12.

The Note 5 discussion in *Sanchez–Rodriguez* is dictum, because the panel decided that case "without reference" to the new amendment, which in the panel's own words, did not "affect or control the outcome" of the case. *Id.* at 562–63. Furthermore, when we apply *Koon* and *Sanchez–Rodriguez* to § 2L1.2 and its Application Notes, the analysis compels the conclusion that a departure under § 2L1.2 based on the minor nature of a defendant's predicate felony *is* encouraged, but only when all three prongs of Note 5 are met. District courts are authorized to depart from the sentence imposed by the Guidelines "in cases that

---

4.  The defendant in *Sanchez–Rodriguez* received a 16–level sentence enhancement for a $20 heroin sale. At the time, U.S.S.G. § 2L1.2, cmt. (n.7) defined aggravated felony

to include "any illicit trafficking in any controlled substance." *See Sanchez–Rodriguez,* 161 F.3d at 560.

feature aggravating or mitigating circumstances of a kind or degree not adequately taken into consideration by the [Sentencing] Commission." *Koon,* 518 U.S. at 94, 116 S.Ct. 2035. This is not such a case. Application Note 5 clearly considers the minor nature of a predicate felony as a proper basis for departure; however, only defendants that meet all three Note 5 requirements possess criminal histories that fall outside the heartland of those targeted by the 16 point enhancement under § 2L1.2(b)(1)(A). *See Koon,* 518 U.S. at 98, 116 S.Ct. 2035 (holding that "[b]efore a departure is permitted, certain aspects of the case must be found unusual enough for it to fall outside the heartland of cases in the [applicable] Guideline").

The Second Circuit analyzed the same issue and concluded that all three prongs of Note 5 are prerequisites to a sentencing departure. It considered a fact pattern identical to this one—a defendant with more than one prior felony conviction seeking Note 5 departure. The Second Circuit, in *United States v. Tappin,* stated that "[a] sentencing court may depart, and 'impose a sentence outside the range established by the applicable guidelines, if the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described.'" *Tappin,* 205 F.3d at 539–40 (quoting U.S.S.G. § 5K2.0). However, because the Guidelines are intended to provide consistency among similarly situated defendants, "[b]efore a departure is permitted, certain aspects of the case must be found unusual enough for it to fall outside the heartland of cases in the Guideline." *Tappin,* 205 F.3d at 540 (quoting *Koon,* 518 U.S. at 98, 116 S.Ct. 2035); *accord Sanchez–Rodriguez,* 161

F.3d at 560. The *Tappin* court continued its analysis:

In enacting Application Note 5, the Sentencing Commission plainly took into account the fact that predicate aggravated felonies in illegal reentry cases "vary widely." U.S.S.G. § 2L1.2 application note 5. The Sentencing Commission stated explicitly that departure on the ground of seriousness of the predicate aggravated felony may be appropriate when a defendant meets all three enumerated criteria in the Note. By necessary implication, therefore, the Sentencing Commission intended that all other cases—including Tappin's, since he had more than one previous felony conviction and therefore did not meet the first enumerated criterion—should be treated as within the heartland of illegal reentry cases under § 2L1.2(b)(1)(A), and that downward departure in such cases on the ground of seriousness of the predicate aggravated felony would be improper.... To permit a sentencing court in these circumstances to depart downwardly absent satisfaction of all three criteria in Application Note 5 would, in our view, render the Note effectively meaningless.

*Tappin,* 205 F.3d at 540–41 (footnote omitted).

We agree completely with the analysis contained in the *Tappin* opinion. In this case, it is abundantly clear that the Sentencing Commission "adequately considered" the nature of a defendant's predicate felony as a proper basis for departure because it provided for such departure in Application Note 5, but only when the specific terms of Note 5 are met. The district court abused its discretion in granting the Note 5 departure in this case. The defendant had two prior felony convictions and did not meet the prerequisites for a sentencing departure under Note 5.

Accordingly, we vacate the sentences and remand to the district court for resentencing consistent with this opinion.

**VACATED AND REMANDED.**