**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Miguel Angel GONZALEZ–TAMARIZ,
Defendant–Appellant.**

No. 00–10542.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 13, 2001.

Submission Vacated Sept. 24, 2001.

Filed Nov. 18, 2002.

As Amended on Denial of Rehearing and Rehearing En Banc Jan. 13, 2003.*

---

* Judges Hall and Wardlaw voted to deny. Judge Berzon voted to grant the petition for rehearing.

Ronald C. Rachow, Assistant United States Attorney, Reno, NV, for the plaintiff-appellee.

Donald C. Gish, Reno, NV, for the defendant-appellant.

Before: HALL, WARDLAW, and BERZON, Circuit Judges.

WARDLAW, Circuit Judge.

Miguel Angel Gonzalez Tamariz appeals his sentence of 57 months imprisonment for unlawful reentry into the United States following deportation and an "aggravated felony" conviction, in violation of 8 U.S.C. § 1326(a). He challenges the classification of his prior Nevada conviction as an aggravated felony warranting a 16–level sentencing enhancement because Nevada state law classifies the conviction as a gross misdemeanor for which one year is the maximum sentence. Because Gonzalez's offense of battery causing substantial bodily harm meets the federal definition of an aggravated felony regardless of its state law label and because the federal statute plainly provides that a crime of violence is an aggravated felony when the term of imprisonment is at least one year, the district court did not err in applying the 16–level enhancement. Gonzalez's third, *Apprendi*-based, claim is foreclosed by our decision in *Echavarria–Escobar*. *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); *United States v. Echavarria–Escobar*, 270 F.3d 1265, 1271 (9th Cir.2001). We have juris-

diction pursuant to 28 U.S.C. § 1291, and we affirm.

## I. BACKGROUND

Gonzalez does not here challenge his prior conviction for battery under Nevada state law. He argues instead that his sentence for unlawful re-entry after deportation should not have been increased by 16 levels because his prior offense was not an "aggravated felony." Gonzalez also argues that the conviction cannot be considered for sentencing purposes because it was not mentioned in the indictment.

Gonzalez, a citizen of Mexico, pled guilty to unlawful re-entry after deportation under 8 U.S.C. § 1326(a) in July 2000. The sentencing guidelines provide that the sentence imposed for this offense be increased by 16 levels if the defendant has a prior aggravated felony conviction. U.S.S.G. § 2L1.2(b)(1)(A).

In 1995 Gonzalez was convicted of battery causing substantial bodily harm, which was classified as a gross misdemeanor under Nevada state law. Nev.Rev.Stat. 200.481. He was given a suspended one-year sentence. At the sentencing hearing for the offense of unlawful re-entry after deportation in 2000, the district court decided that Gonzalez's prior conviction for battery constituted an aggravated felony under the sentencing guidelines and imposed a 16-level sentencing enhancement.

## II. AGGRAVATED FELONY

■ Gonzalez contends that his previous conviction is not an "aggravated felony" for purposes of the Sentencing Guidelines because i) Nevada state law classified his offense as a "gross misdemeanor" rather than an "aggravated felony" and ii) his one-year sentence does not meet the minimum requirement for an aggravated felony. We review whether the aggravated felony provisions of the Sentencing Guidelines apply to a conviction de novo. *Unit-*

*ed States v. Yanez–Saucedo,* 295 F.3d 991, 993 (9th Cir.2002).

## A. MISDEMEANOR AS AGGRAVATED FELONY

■ Gonzalez argues that because his prior conviction for battery was considered a "gross misdemeanor" under Nevada state law, it cannot constitute a "felony" for sentencing purposes. We disagree. In *Corona–Sanchez* we explained that "a crime may be classified as an 'aggravated felony' under 8 U.S.C. § 1101(a)(43) without regard to whether, under state law, the crime is *labeled* a felony or a misdemeanor. . . . The relevant question is whether the crime meets the definition of an 'aggravated felony' under federal sentencing law." *United States v. Corona–Sanchez,* 291 F.3d 1201, 1210 (9th Cir.2002) (en banc); *see also United States v. Arellano–Torres,* 303 F.3d 1173, 1179 n. 5 (9th Cir. 2002).

The eight other circuits that have addressed this issue reached the same conclusion. *See, e.g., United States v. Pacheco,* 225 F.3d 148, 149 (2d Cir.2000); *see also United States v. Marin Navarette,* 244 F.3d 1284, 1286–87 (11th Cir.2001). We agree with the Tenth and Third Circuits "that Congress was defining a term of art, 'aggravated felony,' which . . . includes certain misdemeanants who receive a sentence of one year." *United States v. Saenz–Mendoza,* 287 F.3d 1011, 1014 (10th Cir.2002) (quoting *United States v. Graham,* 169 F.3d 787, 792 (3d Cir.1999)). The Fifth Circuit stated similarly "[w]hatever the wisdom of Congress's decision to alter the historic one-year line between a misdemeanor and a felony, the statute is unambiguous in its sweep." *United States v. Urias–Escobar,* 281 F.3d 165, 168 (5th Cir.2002), *cert. denied,* —— U.S. ——, 122 S.Ct. 2377, 153 L.Ed.2d 196 (2002).

■ An offense classified as a misdemeanor under state law may therefore be

considered an aggravated felony for sentencing purposes if it meets the requirements of 8 U.S.C. § 1101(a)(43).

## B. ONE YEAR SENTENCE REQUIREMENT

Gonzalez also contends that the 16–level enhancement only applies to "crimes of violence" that result in a sentence of more than one year. We reject Gonzalez's argument that the definition of "crime of violence" provided by the commentary to U.S.S.G. § 2L1.2 limits its application to those crimes which result in a sentence "exceeding one year" because that portion of the Sentencing Guidelines does not apply to Gonzalez.

The 16–level sentencing enhancement Gonzalez received was based on his conviction for an aggravated felony. U.S.S.G. § 2L1.2(b)(1)(A). The Application Notes to this portion of the Sentencing Guidelines point to 8 U.S.C. § 1101(a)(43) for the definition of "aggravated felony," which reads "a crime of violence ... for which the term of imprisonment is at least one year." Gonzalez's conviction fulfills these requirements. Since Gonzalez committed an "aggravated felony" for purposes of the Sentencing Guidelines, and not a misdemeanor "crime of violence," the language that applies to his conviction is "at least one year," 8 U.S.C. § 1101(a)(43)(f) and not "exceeding one year," U.S.S.G. § 4B1.2.

We have interpreted the clause "at least one year" to include those crimes that receive a sentence of exactly one year. In *Matsuk v. INS* we held that an assault conviction carrying a 365–day sentence meets the statutory definition of an "aggravated felony" under 8 U.S.C. § 1101(a)(43)(F). *Matsuk v. INS*, 247

F.3d 999, 1001–02 (9th Cir.2001); *see also Yanez–Saucedo*, 295 F.3d at 996 n. 6.

## III. APPRENDI CLAIM

 Finally, we reject Gonzalez's claim that under *Apprendi*, his prior conviction must be charged in the indictment because it is an element of the offense of unlawful re-entry after deportation. The general rule of *Apprendi*, that all elements of a crime must be charged in an indictment, does not apply to prior convictions used only for sentencing purposes. *See Echavarria–Escobar*, 270 F.3d at 1271; *see also United States v. Pacheco–Zepeda*, 234 F.3d 411, 414 (9th Cir.2000), *cert. denied*, 532 U.S. 966, 121 S.Ct. 1503, 149 L.Ed.2d 388 (2001). The district court did not err in considering Gonzalez's prior conviction during sentencing.

## IV. CONCLUSION

Because an offense classified as a misdemeanor under state law can be considered an aggravated felony under federal law if it is a crime of violence with a sentence of at least one year, and because *Echavarria–Escobar* forecloses Gonzalez's *Apprendi* argument, the decision of the district court is

**AFFIRMED.**

BERZON, Circuit Judge, Dissenting:

I respectfully dissent. There is no case in this court holding that a crime for which the *maximum* sentence is one year, rather than more than a year, can be an aggravated felony under 8 U.S.C. § 1101(a)(43), and I do not believe that we should so hold now.

*United States v. Corona–Sanchez*, 291 F.3d 1201, 1210 n. 10. (9th Cir.2002) expressly left the question open.[1] The other

---

1. I note that the majority opinion confuses the question whether the *label* of a crime as a "misdemeanor" or "felony" in state law governs—it does not, as we held in *United States v. Corona–Sanchez*, 291 F.3d 1201, 1210 (9th Cir.2002)—with the question whether the established meaning of the terms used in the federal statute should govern the interpretation of that statute.

case relied upon by the majority, *United States v. Yanez–Saucedo*, 295 F.3d 991, 996 n. 4 (9th Cir.2002), merely noted that a crime for which the defendant was sentenced to nine months in prison could not be an aggravated felony; *Yanez–Saucedo* did not need to address whether a crime with a maximum sentence of exactly one year could qualify as an aggravated felony and did not do so. Further, although both *United States v. Machiche–Duarte*, 286 F.3d 1153 (9th Cir.2002), and *Randhawa v. Ashcroft*, 298 F.3d 1148 (9th Cir.2002) upheld an aggravated felony enhancement based on crimes in which the sentence *actually imposed* equaled exactly one year, in neither case did the alien challenge the finding of an aggravated felony based on the length of the *maximum* sentence attached to the crime.

I do not believe that a crime for which the maximum sentence is one year, rather than more than a year, can be an aggravated felony, essentially for the reasons eloquently stated in Judge Straub's dissent in *United States v. Pacheco*, 225 F.3d 148, 155 (2d Cir.2000). Absent some absolutely clear indication that Congress is using a word with a meaning it does not ordinarily have in the English language or in legal discourse, we should assume the legislators are not playing Humpty Dumpty with the dictionary. Instead, the much more sensible conclusion is that when Congress says "X" term means Y and Z crimes (or things or actions), what it intends to convey is that *among* the crimes (or things or actions) that could come within an ordinary meaning of X term, the ones we mean to include are Y and Z. Judge Straub put the same point this way:

> "[I]t is quite clear that 'aggravated felony' defines a subset of the broader category 'felony.' Common sense and stan-

dard English grammar dictate that when an adjective—such as 'aggravated'—modifies a noun—such as 'felony'—the combination of the terms delineates a subset of the noun. One would never suggest, for example, that by adding the adjective 'blue' to the noun 'car,' one could be attempting to define items that are not, in the first instance, cars."

*Pacheco*, 225 F.3d at 157.

Using that approach, the long list of crimes contained in 8 U.S.C. § 1101(a)(43) must *be* felonies—that is crimes as to which the maximum sentence is more than one year—before they can be aggravated felonies. *See United States v. Robles–Rodriguez*, 281 F.3d 900, 904 (9th Cir. 2002) (noting Congress's "long-standing practice of equating the term 'felony' with offenses punishable by more than one year's imprisonment"); *accord United States v. Arellano–Torres*, 303 F.3d 1173, 1178 (9th Cir.2002). Thus, 8 U.S.C. § 1101(a)(43)(F) covers crimes as to which the maximum sentence is more than a year *and* the actual term of imprisonment to which the individual in question was sentenced is at least a year. As Judge Straub noted, "no logical problem results from interpreting 'crime of violence' and 'theft offense' only to include crimes that already are felonies.... [S]ome one-year sentences would still be aggravated felonies—those imposed for felonies, that is, for crimes with maximum terms of more than one year." *Pacheco*, 225 F.3d at 159 (Straub, Circuit Judge, dissenting) (internal quotation marks and citations omitted).

Even if one thought the proposition that an "aggravated felony" must first be a felony less than dispositive, the oddity of reading a statute as redefining a word with long-established usage at least suggests that the statute's meaning is not clear. It

is therefore appropriate to turn to the legislative history of the statute. *Ass'n to Protect Hammersly, Eld & Totten Inlets v. Taylor Resources, Inc.*, 299 F.3d 1007, 1016 (9th Cir.2002). That history supports my reading of the statute. *See* H.R. Conf. Rep. No. 104–828, at 223 (1996) (stating that the amendment lowers "the imprisonment threshold for crimes of theft, violence, racketeering, and document fraud from five years to one year; ..."); S. Rep. No. 104–249, at 17 (1996) (emphasis added) ("Because of the expanded definition of 'aggravated felony' provided by sec. 161 of the bill, aliens who have been convicted of most felonies, if sentenced to at least one year in prison, will be ineligible" for relief barred by conviction of an aggravated felony.) As these comments indicate, Congress meant to change from five years to one year the sentence of imprisonment which will trigger an aggravated felony finding. There is no indication that Congress intended to change the usual definition of the term "felony" by including crimes for which the *maximum* possible prison term is one year, rather than more than one year.

This understanding is all the more compelling because the actual language of § 1101(a)(43)(F) (and also 1101(a)(43)(G)) is missing a key word and makes no literal sense as enacted. *See United States v. Hernandez–Castellanos*, 287 F.3d 876, 878 n. 2 (9th Cir.2002). As a literal reading of § 1101(a)(43)(F) is therefore not a possibility, we should not, in constructing a less-than-literal interpretation, take the view that Congress meant to supplant the meaning of the term "felony" taught to generations of law students.

I therefore dissent.