**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Victor RODRIGUEZ–MUNGIA, Defendant—Appellant.**

No. 02–10282.

D.C. No. CR–01–00151–HDM/VPC.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 14, 2003.

Decided March 5, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before TROTT, RYMER and TALLMAN, Circuit Judges.

## MEMORANDUM *

Victor Rodriguez–Mungia ("Rodriguez–Mungia") appeals his sentence for unlawful re-entry into the United States, a violation of 8 U.S.C. § 1326(a). We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm.

The district court increased Rodriguez–Mungia's base offense level by eight levels pursuant to U.S.S.G. § 2L1.2(b)(1)(C) because Rodriguez–Mungia re-entered the United States after "a conviction for an aggravated felony." Rodriguez–Mungia argues that his twelve-month sentence for a misdemeanor conviction in Nevada should not be considered an aggravated felony. "Aggravated felony" is defined to include "a crime of violence . . . for which the term of imprisonment [is] at least one year." 8 U.S.C. § 1101(a)(43)(F). We "interpreted the clause 'at least one year' to include those [misdemeanor] crimes that receive a sentence of exactly one year." *United States v. Gonzalez–Tamariz,* 310 F.3d 1168, 1171 (9th Cir.2002) *as amended* Jan. 13, 2003. Rodriguez–Mungia's twelve-month sentence for his Nevada misdemeanor conviction meets this definition

of "aggravated felony." Accordingly, we affirm the district court.

AFFIRMED.

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.