**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FREDY AMILCAR GONZALEZ-ARROYO, a.k.a. Freddy Amilcar Gonzalez-Arroyo,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 12-71151<br><br>Agency No. A029-180-823<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 15, 2013[**]

Before:     FISHER, GOULD, and BYBEE, Circuit Judges.

Fredy Amilcar Gonzalez-Arroyo, a native and citizen of Guatemala,

petitions pro se for review of the Board of Immigration Appeals' order dismissing

his appeal from an immigration judge's removal order.  We have jurisdiction under

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252.  We review de novo questions of law, and review for substantial evidence the agency's factual findings.  *Santos-Lemus v. Mukasey*, 542 F.3d 738, 742 (9th Cir. 2008).  We deny the petition for review.

The agency correctly determined that Gonzalez-Arroyo's conviction for violating California Penal Code § 273.5(a) is categorically an aggravated felony crime of violence under 8 U.S.C. § 1101(a)(43)(F), where he was sentenced to a term of imprisonment of at least one year.  *See Banuelos-Ayon v. Holder*, 611 F.3d 1080, 1083 (9th Cir. 2010); *see also United States v. Gonzalez-Tamariz*, 310 F.3d 1168, 1170-71 (9th Cir. 2002) (an offense classified as a misdemeanor under state law may be considered an aggravated felony under 8 U.S.C. § 1101(a)(43)); *Alvarez-Barajas v. Gonzales*, 418 F.3d 1050, 1054 (9th Cir. 2005) (aggravated felony definition applies to convictions entered "before, on, or after" the enactment of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996).  Gonzalez-Arroyo is therefore statutorily ineligible for asylum and relief under the Nicaraguan Adjustment and Central American Relief Act.  *See* 8 U.S.C. § 1158(b)(2)(A)(ii), (B)(i); 8 C.F.R. § 1240.61(b).  Accordingly, we need not reach Gonzalez-Arroyo's remaining contentions concerning his eligibility for these forms of relief.

Substantial evidence supports the agency's determination that Gonzalez-Arroyo failed to establish the requisite nexus between any harm he fears and a protected ground for the purpose of withholding of removal. *See* 8 U.S.C. § 1231(b)(3); *Santos-Lemus*, 542 F.3d at 747 (resistance to gang recruitment efforts does not, without more, constitute a political opinion); *see also Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground.").

Finally, Gonzalez-Arroyo failed to raise, and therefore waived, any challenge to the agency's determination that he did not challenge on appeal the denial of his claim for Convention Against Torture relief. *See Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011) (petitioner waives an issue by failing to raise it in the opening brief).

**PETITION FOR REVIEW DENIED.**