**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| NOEL AMBABAG SARMIENTO, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 12-70181 <br><br> Agency No. A042-421-285 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 14, 2015[**]
San Francisco, California

Before: THOMAS, Chief Judge, OWENS, Circuit Judge, and COLLINS,[***] Chief
District Judge.

---

      [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

      [**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

      [***]     The Honorable Raner C. Collins, Chief District Judge for the U.S.
District Court for the District of Arizona, sitting by designation.

Noel Sarmiento, a native and citizen of the Philippines, petitions for review of a decision of the Board of Immigration Appeals ("BIA") denying his timely motion to reopen. We dismiss the petition for lack of jurisdiction.

This Court lacks jurisdiction to review final orders of removal of aliens convicted of an aggravated felony. 8 U.S.C. § 1252(a)(2)(C). However, we retain jurisdiction to determine whether petitioner is indeed removable on that ground. *Zavaleta-Gallegos v. INS*, 261 F.3d 951, 954 (9th Cir. 2001). Therefore, "the jurisdictional question and the merits collapse into one." *Sareang Ye v. INS*, 214 F.3d 1128, 1131 (9th Cir. 2000).

Sarmiento's conviction for California Penal Code § 273.5(a) qualifies as a crime of violence aggravated felony as defined by 8 U.S.C. § 1101(a)(43)(F). To render an alien removable on these grounds under 8 U.S.C. § 1227(a)(2)(A)(iii), an offense must meet two criteria: (1) it must be a crime of violence as defined in 18 U.S.C. § 16 that is not a purely political offense; and (2) the term of imprisonment must be at least one year. *Id.* § 1101(a)(43)(F).

We have held that § 273.5(a) is categorically a crime of violence under 18 U.S.C. § 16(a). *Banuelos-Ayon v. Holder*, 611 F.3d 1080, 1083 (9th Cir. 2010). Furthermore, as the Immigration Judge pointed out, the charging documents indicate that Sarmiento wielded a knife and "inflicted great bodily injury upon"

another through the direct application of force. Sarmiento was sentenced to 365 days' imprisonment, which fulfills the second criteria for a crime of violence aggravated felony. *See Habibi v. Holder*, 673 F.3d 1082, 1085–86 (9th Cir. 2011) (holding that a sentence of 365 days is equivalent to a sentence of a year for purposes of 8 U.S.C. § 1101(a)(43)(F)).

The expungement of Sarmiento's conviction in California state court pursuant to Cal. Pen. Code § 1203.4 does not alter this conclusion. "[A]s a general rule, an expunged conviction qualifies as a conviction under the INA." *De Jesus Melendez v. Gonzalez*, 503 F.3d 1019, 1024 (9th Cir. 2007) (alterations in original) (quoting *Ramirez-Castro v. INS*, 287 F.3d 1172, 1174 (9th Cir. 2002)). In *Ramirez-Castro*, we applied that rule to a conviction expunged pursuant to Cal. Pen. Code § 1203.4, the same rehabilitative statute under which Sarmiento's conviction was expunged. 287 F.3d at 1174–75. His conviction remains valid for removal purposes under 8 U.S.C. § 1227(a)(2)(A)(iii).

The reduction of Sarmiento's offense to a misdemeanor pursuant to Cal. Pen. Code § 17(b) also does nothing to change this analysis. Cal. Pen. Code § 273.5(a) is a "wobbler," meaning that a conviction under it may be either a misdemeanor or a felony under California state law. *See Ceron v. Holder*, 747 F.3d 773, 777 (9th Cir. 2014) (en banc); *Banuelos-Ayon*, 611 F.3d at 1083 n.1.

However, classification as an aggravated felony for immigration purposes is made without regard for the nomenclature adopted under state law. *United States v. Gonzalez-Tamariz*, 310 F.3d 1168, 1170 (9th Cir. 2002). "The relevant question is whether the crime meets the definition of an 'aggravated felony' under federal sentencing law." *Id.* (internal quotation marks omitted). As explained above, Sarmiento's conviction under Cal. Pen. Code § 273.5(a) so qualifies. We have also previously rejected Sarmiento's argument that an expungement under Cal. Pen. Code § 17(b) retroactively reduces the maximum punishment available under state law to six months' imprisonment. *See Ceron*, 747 F.3d at 778.

Sarmiento does not raise a colorable constitutional claim or question of law, which is the sole exception to the limitation on this Court's jurisdiction imposed by 8 U.S.C. § 1252(a)(2)(C). *See* 8 U.S.C. § 1252(a)(2)(D). Therefore, as an alien convicted of an aggravated felony, his petition for review must be dismissed for lack of jurisdiction.

**PETITION DISMISSED.**