[No. 13582-5-II. Division Two. October 24, 1991.]

THE STATE OF WASHINGTON, *Respondent*, v. BRYANT
CURTIS RITOLA, *Appellant*.

*Dennis P. Maher,* for appellant (appointed counsel for
appeal).

*C.C. Bridgewater, Jr., Prosecuting Attorney,* for respon-
dent.

MORGAN, J. — Bryant Ritola appeals his juvenile convic-
tion for indecent liberties. We reverse.

At trial, the sole witness was a female counselor
employed by the Toutle River Boys Ranch. The trial court's
findings of fact parallel her testimony.

Ritola was a resident at Toutle River Boys Ranch, having been placed there by a juvenile court. On November 7, 1989, after dinner, he and the counselor played Nintendo in the gymnasium. No one else was present. When they finished the game, the counselor reached over to turn the TV off. Ritola, who was standing behind her and a little to the right, suddenly grabbed her right breast, squeezed it, then "instantaneously" removed his hand. After removing his hand, he said, "Nice tits." The counselor was shocked, and she immediately told Ritola that what he had done was inappropriate. He then left the gym.

The State charged Ritola with indecent liberties by forcible compulsion. The charge was based on RCW 9A-.44.100(1)(a), which provides that a person is guilty of indecent liberties when he knowingly causes another person not his spouse to have sexual contact with him or another by forcible compulsion.

The trial court convicted. It found that the act occurred so suddenly that the counselor did not have time to resist before it was completed. It further found, however, that resistance could be "implied",[1] and that Ritola had therefore brought about sexual contact by forcible compulsion.

On appeal, the only issue is whether the evidence supports the finding of forcible compulsion. Ritola does not dispute that the other elements of indecent liberties were proved.

The Washington Legislature has enacted a somewhat integrated scheme of major sexual offenses. Codified in

---

[1] This use of the adjective "implied" may grow out of confusion regarding the grammatical structure of RCW 9A.44.010(6), set forth below. In the statute, "implied" modifies the noun "threat", not the noun "resistance", but the trial court viewed it as modifying the latter. In any event, the problem is mainly semantical, for the real issue is whether the evidence supports a reasonable inference of forcible compulsion.

RCW 9A.44,[2] that scheme differentiates between sexual intercourse and sexual contact. In general terms, sexual intercourse is sexual touching that includes penetration. RCW 9A.44.010(1). Sexual contact is sexual touching — "touching of the sexual or other intimate parts of a person done for the purpose of gratifying sexual desire" — that does not include penetration. RCW 9A.44.010(2). Sexual intercourse committed by forcible compulsion is either first or second degree rape. RCW 9A.44.040, .050. Sexual contact committed by forcible compulsion is indecent liberties. RCW 9A.44.100(1)(a).

 Forcible compulsion requires more than the force normally used to achieve sexual intercourse or sexual contact. *State v. McKnight*, 54 Wn. App. 521, 528, 774 P.2d 532 (1989). Force in the pure scientific sense is what puts an object or body into motion, the result sometimes but not always being contact with another object or body. *See Webster's Third New International Dictionary* 887 (1986). Force in this scientific sense is involved in every act of sexual touching, and if forcible compulsion and force were synonymous, every such act would be criminal. It seems obvious, however, that the Legislature did not want to make every act of sexual touching criminal, for some such acts are beneficial, perhaps even necessary, to the maintenance of human society. Thus, the Legislature defined forcible compulsion so as to require more force than that needed to bring about sexual intercourse or sexual contact. It said:

> "Forcible compulsion" means physical force which overcomes resistance, or a threat, express or implied, that places a person in fear of death or physical injury to herself or himself or another person, or in fear that she or he or another person will be kidnapped.

RCW 9A.44.010(6). As paraphrased by Division One of our court, this means that forcible compulsion is not the force inherent in any act of sexual touching, but rather is that

---

[2]Although the scheme in RCW 9A.44 includes offenses against both children and adults, only offenses against adults are pertinent here.

"used or threatened to overcome or prevent resistance by the female." *State v. McKnight,* 54 Wn. App. at 527.

The record in this case does not support a finding of forcible compulsion. It is undisputed that Ritola used the force necessary to touch the counselor's breast, but as noted, that is not enough for forcible compulsion. There is no evidence that the force he used overcame resistance, for he caught the counselor so much by surprise that she had no time to resist. Nor is there evidence of any threat, either express or implied.

The State relies on *State v. McKnight, supra,* but that case is easily distinguishable. McKnight, age 17, and the victim, age 14, were sitting on the living room couch in her apartment when they began kissing. The victim told him to stop, but instead he slowly pushed her down on the couch. When he started to pull on her clothes, she again told him to stop, but he did not. After she was disrobed, he got on top of her and had intercourse with her. During intercourse, she told him that it hurt. After intercourse, the examining doctor found that her genital area was torn and bleeding in such a way as to indicate either unusually aggressive intercourse or inadequate preparation for intercourse. Although the victim told the police that she had resisted verbally but not physically, the defendant argued at trial that she had consented. Apparently, the defendant did not argue that the intercourse was nonconsensual but without forcible compulsion. The trial court found forcible compulsion and convicted. Division One held (1) that the evidence must be sufficient to show that the force used was directed at overcoming the victim's resistance and was more than that which is normally required to achieve penetration, 54 Wn. App. at 528, and (2) that a reasonable trier of fact could find such force from the fact that the defendant had pushed her onto the couch while she told him to stop, and took her clothes off while she told him to stop. 54 Wn. App. at 528. We have no quarrel with that holding, given the facts from which it was derived. In our case, however, the evidence does not support a reasonable inference that the force used

by Ritola was directed at overcoming resistance, or that such force was more than that needed to accomplish sexual touching.[3]

The State contended at oral argument that when there is no forcible compulsion, sexual touching without the consent of the victim should still amount to a felony sexual offense rather than fourth degree assault, because sexual touching is more offensive than the other types of unpermitted touching that constitute fourth degree assault. While that may be true, it is not the law. In the absence of forcible compulsion, sexual intercourse constitutes rape in the third degree if it occurs without consent of the victim and lack of consent is clearly manifested. RCW 9A.44.060. In the absence of forcible compulsion, sexual contact constitutes indecent liberties if the victim is incapable of consent by reason of being mentally defective, mentally handicapped or physically helpless, RCW 9A.44.100(1)(b), or if the victim is developmentally disabled and under the supervision of the perpetrator. RCW 9A.44.100(1)(c). In the absence of forcible compulsion, however, sexual contact with a nonimpaired adult is not a sexual offense within RCW 9A.44, even though it occurs without that adult's consent.

We have no occasion to consider whether the sexual contact that took place in this case constitutes fourth degree assault. Neither party argued to the trial court or to this court that fourth degree assault is a lesser included offense

---

[3]The other two cases relied on by the State, *West v. State*, 290 Ark. 329, 719 S.W.2d 684 (1986), *reh'g denied*, 722 S.W.2d 284 (1987) and *Ex parte State*, 502 So. 2d 819 (Ala. 1986) are also distinguishable. In *West*, the applicable statute defined physical force as including any bodily impact. *West*, at 335. Obviously, that definition is substantially different from ours, which requires a threat or physical force that overcomes resistance. RCW 9A.44.010(6). In *Moore*, Alabama's statutory definition of forcible compulsion was identical to ours, but the only facts before the appellate court were that the defendant had struck a fully clothed female on the breastbone in a public place. The court held that these facts by themselves were insufficient to show that defense counsel was ineffective when he advised his client to plead guilty. It commented that the alleged facts, "under the proper circumstances," could satisfy the definition of forcible compulsion, but it did not say what those circumstances might be. Clearly, it did not hold that the alleged facts, without more, constituted forcible compulsion as defined by the Alabama statute.

within indecent liberties, or that its elements are met by the evidence presented here.

Reversed and remanded with directions to dismiss.

PETRICH, A.C.J., and ALEXANDER, J., concur.