Manuel CASTRO–BAEZ, Petitioner–Appellant,

v.

Janet RENO, Attorney General; Doris Meissner, INS Commissioner; Immigration and Naturalization Service; Executive Office for Immigration Review, Board of Immigration Appeals, Respondents–Appellees.

No. 99–70484.

United States Court of Appeals, Ninth Circuit.

Submitted June 23, 2000.[1]

June 30, 2000.

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Lamar Peckham, Santa Rosa, CA, for petitioner.

Robert S. Mueller, III, and Robert Yeargin, San Francisco, CA; and Richard Evans and Marion Guyton, Washington, DC, for the respondent.

Before FLETCHER, HAWKINS, and THOMAS, Circuit Judges.

THOMAS, Circuit Judge:

This petition for review requires us to decide whether a rape conviction under Cal.Penal Code § 261 constitutes an "aggravated felony" within the meaning of § 101(a)(43)(A) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101(a)(43)(A). We conclude that it does.

## I

Castro–Baez, a native and citizen of Mexico, entered the United States in 1978 and has been a lawful permanent resident since 1989. In 1996, he was convicted of rape in violation of Cal.Penal Code § 261(a)(3). Two years later, on April 13, 1998, the INS charged Castro–Baez with being deportable as an alien convicted of an aggravated felony under § 237(a)(2)(A)(iii) of the INA, 8 U.S.C. § 1227(a)(2)(A)(iii). The charge was based upon his state rape conviction. On October 2, 1998, an immigration judge found Castro–Baez's rape conviction to be a deportable offense, ordered him removed from the United States, and pretermitted his application for discretionary cancellation of removal.

Following an unsuccessful appeal to the Board of Immigration Appeals ("BIA"), Castro–Baez filed with this Court a timely petition for review of the BIA's decision. He claims he is not deportable because his state rape conviction does not qualify as an "aggravated felony" within the meaning of § 101(a)(43)(A) of the INA, 8 U.S.C. § 1101(a)(43)(A). We have jurisdiction to decide whether Castro–Baez has committed a deportable offense, see Flores–Miramontes v. INS, 212 F.3d 1133, 1135–36 (9th Cir.2000), but must dismiss his petition for lack of jurisdiction if we conclude that he has.[2] See INA § 242(a)(2)(C), 8 U.S.C. § 1252(a)(2)(C). Because we conclude that Castro–Baez's rape conviction qualifies as an aggravated felony under the INA, we dismiss his petition for review.

## II

Castro–Baez challenges the BIA's conclusion that a "rape" under California state law constitutes the "aggravated felony" of "rape" within the meaning of the INA. He claims that because the elements of rape under the federal sexual abuse laws are not necessarily coterminous with the elements of rape under California state law, his rape conviction under Cal.Penal Code § 261 cannot be a deportable offense. We reject his argument because it is directly at odds with the plain language of the INA and irreconcilable with our decision in United States v. Baron–Medina, 187 F.3d 1144 (9th Cir.1999).

Under § 237(a)(2)(A)(iii) of the INA, "[a]ny alien who is convicted of an aggravated felony at any time after admission is deportable." 8 U.S.C. § 1227(a)(2)(A)(iii). As used in that section, an "aggravated

---

**2.** The permanent rules of the Illegal Immigration Reform and Immigrant Responsibility Act, Pub.L. No. 104–208, 110 Stat. 3009 (Sept. 30, 1996), as amended, Pub.L. No. 104–302, 110 Stat. 3656 (Oct. 11, 1996), apply to this case because removal proceedings were initiated after April 1, 1997. See Ratnam v. INS, 154 F.3d 990, 993 n. 1 (9th Cir.1998).

felony" includes "rape." 8 U.S.C. § 1101(a)(43)(A). Although the term "rape" itself is not further defined by the INA, the term encompasses convictions obtained under either federal or state law. *Id.* § 1101(a)(43) ("The term [aggravated felony] applies to an offense described in this paragraph whether in violation of Federal or State law[.]"). Thus, the definition of rape under federal law simply has no bearing on whether Castro–Baez's state conviction constitutes an "aggravated felony" for purposes of establishing his deportability.

Furthermore, we have already rejected Castro–Baez's argument in a case interpreting the very same statutory provision at issue here. *See Baron–Medina,* 187 F.3d at 1146 ("As a threshold matter, we reject any suggestion that the federal sexual abuse laws, codified at Chapter 109A of the United States Code, limit the class of state laws reached by the term."). In *Baron–Medina,* we faced the issue of whether a conviction under Cal.Penal Code § 288(a), which prohibits lewd or lascivious acts on children under age 14, qualified as "sexual abuse of a minor" and, hence, an "aggravated felony" within the meaning of the INA. *See id.* We held that it did, reasoning that because Congress had placed the crime of "sexual abuse of a minor" in § 1101(a)(43)(A) "in the company of two other crimes—murder and rape—traditionally proscribed by state law, without cross-referencing Chapter 109A or any other federal statute," Congress could not have intended for federal law to govern the definition of that crime. *Id.* We see no reason to apply a different analysis here. Thus, the determination of whether Castro–Baez's state rape conviction constitutes a deportable offense cannot depend on the elements of a distinct federal offense.

Rather, as outlined in *Baron–Medina,* we must define the term rape by "employing the ordinary, contemporary, and common meaning" of that word and then determine whether or not the conduct prohibited by Cal.Penal Code § 261(a)(3) falls within that common, everyday definition. *Id.* In so doing, we "look solely to the statutory definition of the crime, not to the name given to the offense or to the underlying circumstances of the predicate conviction." *Id.* Here, we conclude that the conduct reached by § 261(a)(3) plainly and indisputably falls within the common usage of the term rape.

Under California law, rape is defined as "an act of sexual intercourse accomplished with a person not the spouse of the perpetrator," under any of seven specifically enumerated circumstances. Cal.Penal Code § 261(a)(1)-(7). Castro–Baez was convicted under the third listed scenario, "[w]here a person is prevented from resisting by any intoxicating or anesthetic substance, or any controlled substance, and this condition was known, or reasonably should have been known by the accused." *Id.* § 261(a)(3). In ordinary usage, rape is understood to include the act of engaging in non-consensual sexual intercourse with a person whose ability to resist has been substantially impaired by drugs or other intoxicants. *See, e.g.,* Black's Law Dictionary (6th ed.1990) (defining rape as the "act of sexual intercourse committed by a man with a woman not his wife and without her consent, committed when the woman's resistance is overcome by force or fear, or under other prohibitive conditions"). Therefore, there is no doubt that the conduct proscribed by § 261(a)(3) falls within the "ordinary, contemporary, and common" understanding of the term rape. Consequently, Castro–Baez's offense rendered him deportable as an alien convicted of an aggravated felony.

## III

In sum, a rape conviction under Cal.Penal Code § 261 qualifies as an aggravated felony for purposes of establishing an alien's deportability under § 237(a)(2)(A)(iii) of the INA, 8 U.S.C. § 1227(a)(2)(A)(iii). Accordingly, we dis-

miss Castro–Baez's petition for review for want of jurisdiction.

PETITION DISMISSED