UNITED STATES Court of Appeals,
Plaintiff–Appellee,

v.

Jose Antonio YANEZ–SAUCEDO,
Defendant–Appellant.

No. 00–50606.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 9, 2001.

Filed July 8, 2002.

Heather M. Angove, and Vincent J. Brunkow, Federal Defenders of San Diego, Inc., San Diego, CA, for the appellant.

Patrick K. O'Toole, United States Attorney, Roger W. Haines, Jr., Assistant United States Attorney, San Diego, CA, for the appellee.

Before BRIGHT,* KOZINSKI, and W. FLETCHER, Circuit Judges.

## OPINION

BRIGHT, Circuit Jugde.

In this appeal, Jose Antonio Yanez–Saucedo argues that the district court erred in concluding that his conviction for third-degree rape under Wash. Rev.Code § 9A.44.060 constituted an aggravated felony for sentencing enhancement purposes under U.S.S.G. § 2L1.2 (2000).[1] He also argues that his enhanced sentence violates *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Because his arguments lack merit, we AFFIRM.

## I. BACKGROUND

In August 2000, Yanez–Saucedo, a Mexican citizen, pled guilty to illegal reentry into the United States after removal, in violation of 8 U.S.C. § 1326. The Presentence Report recommended application of U.S.S.G. § 2L1.2(b)(1)(A), which at that time required a sixteen-level enhancement for a defendant previously removed after a conviction for an aggravated felony.[2] As relevant here, the term aggravated felony includes "murder, rape, or sexual abuse of a minor." 8 U.S.C. § 1101(a)(43)(A).

The recommended enhancement was based on Yanez–Saucedo's conviction following a 1991 guilty plea to third-degree rape in violation of Wash. Rev.Code § 9A.44.060. Under the Washington statute, a person is guilty of third-degree rape if he engaged in sexual intercourse: "(a) [w]here the victim did not consent . . . and esuch lack of consent was clearly expressed by the victim's words or conduct, or (b) [w]here there is threat of substantial unlawful harm to property rights of the victim."[3] Yanez–Saucedo pled guilty to an

---

* The Honorable Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

1. We cite the version of the guideline in effect at the time of the October 2000 sentencing.

2. Effective November 1, 2001, the specific offense characteristics of § 2L1.2 changed so that now a defendant with a prior conviction for an aggravated felony receives only an eight-level enhancement under § 2L1.2(b)(1)(C). Because a sentencing court must "use the Guidelines Manual in effect on the date that the defendant is sentenced," U.S.S.G. § 1B1.11(a), the November 2001 amendment has no effect on Yanez–Saucedo's sentence.

3. Under the Washington statute, first- and second-degree rape require that the defendant engage in sexual intercourse by "forcible compulsion." *Id.* §§ 9A.44.040, .050. " 'Forcible compulsion' means physical force which overcomes resistance, or a threat, express or implied, that places a person in fear of death or physical injury to herself or him-

information charged under part (a) of this statute; he was not charged under part (b).

Yanez–Saucedo objected to the enhancement, asserting that it violated *Apprendi.* He also argued that third-degree rape under Washington law is not an aggravated felony under § 2L1.2. The district court overruled his objections. The court held that *Apprendi* did not apply to sentencing enhancements based on prior convictions. Addressing Yanez–Saucedo's argument that a third-degree rape is not an aggravated felony, the district court noted that Yanez–Saucedo pled guilty to an information that charged he had engaged in sexual intercourse with a female "who did not in actual words or conduct indicate freely given agreement to have sexual intercourse, and such lack of agreement was clearly expressed by the victim's words or conduct." The district court determined that Washington's third-degree rape is an aggravated felony because the essence of rape is the absence of free and voluntary consent; thus the § 2L1.2 enhancement applied. From the resulting sentencing range of forty-six to fifty-seven months, the district court imposed a sentence of forty-six months imprisonment.

## II. DISCUSSION

■ As an initial matter, we reject Yanez–Saucedo's *Apprendi* arguments. In *Apprendi,* the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490, 120 S.Ct. 2348. Contrary to Yanez–Saucedo's argument, "*Apprendi* did not overrule *Almendarez–Torres*

[*v.United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998) ]." *United States v. Arellano–Rivera,* 244 F.3d 1119, 1127 (9th Cir.2001), *cert. denied,* —— U.S. ——, 122 S.Ct. 1450, 152 L.Ed.2d 392, 2002 WL 480367 (U.S. Apr. 1, 2002) (No. 01–8516). In *Almendarez–Torres,* the Supreme Court rejected a constitutional challenge to 8 U.S.C. § 1326(b)(2), which increases the maximum sentence of § 1326(a) for defendants removed after a prior conviction for an aggravated felony. The Court held that § 1326(b) "simply authorizes a court to increase the sentence for a recidivist. It does not define a separate crime. Consequently, neither the statute nor the Constitution requires the Government to charge the . . . earlier conviction [ ] in . . . the indictment." 523 U.S. at 226–27, 118 S.Ct. 1219. *Apprendi* specifically exempts from its rule "the fact of a prior conviction." 530 U.S. at 490, 120 S.Ct. 2348. Also, contrary to Yanez–Saucedo's argument, "nowhere does *Apprendi* limit *Almendarez–Torres* to cases where a defendant admits prior aggravated felony convictions on the record." *Arellano–Rivera,* 244 F.3d at 1127 (internal quotation marks omitted).

■ We now turn to the district court's application of U.S.S.G. § 2L1.2(b)(1)(A). "We review de novo whether the aggravated felony provisions of [the guideline] apply to the conviction." *United States v. Rivera–Sanchez,* 247 F.3d 905, 907 (9th Cir.2001) (en banc). The guideline incorporates the definition of aggravated felony in 8 U.S.C. § 1101(a)(43). U.S.S.G. § 2L1.2 cmt. n.1. As previously stated, the section explicitly provides that the "term 'aggravated felony' means . . . rape."

self or another person, or in fear that she or he or another person will be kidnapped." *Id.*

§ 9A.44.010(6).

§ 1101(a)(43)(A).[4] Yanez–Saucedo argues that the district court erred when it reviewed the information and guilty plea to determine the applicability of § 2L1.2(b)(1)(A). Applying *Taylor v. United States*, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), this court has determined that "courts do not examine the conduct underlying the prior offense, but 'look only to the fact of conviction and the statutory definition of the prior offense.'" *Rivera–Sanchez*, 247 F.3d at 907–08 (quoting *Taylor*, 495 U.S. at 602, 110 S.Ct. 2143). We have, however, "interpreted *Taylor*'s edict to include examination of documentation or judicially noticeable facts that clearly establish that the conviction is a predicate conviction for enhancement purposes." *Id.* at 908 (internal quotation marks omitted). Such documentation includes "'the indictment, the judgment of conviction, jury instructions, a signed guilty plea, or the transcript from the plea proceedings.'" *Id.* (quoting *United States v. Casarez–Bravo*, 181 F.3d 1074, 1077 (9th Cir.1999)). Thus, the district court did not err in relying upon the information and guilty plea. *See id.* at 909.

Having determined that the district court properly considered the information and guilty plea, the remaining issue before this court is whether Yanez–Saucedo's conviction under § 9A.44.060(a) was an aggravated felony.[5] Yanez–Saucedo presents two arguments for why the enhancement should not apply.

■ First, Yanez–Saucedo argues that his conviction is not a conviction for the aggravated felony of rape because the statutory elements of third-degree rape under Washington state law are not the same as those under the federal rape statute. We have previously rejected this line of reasoning. In *Castro–Baez v. Reno*, 217 F.3d 1057 (9th Cir.2000), as here, the defendant argued that his state rape conviction could not constitute an aggravated felony because the elements of the state rape statute were not "necessarily coterminous" with those of the federal sexual abuse statute. *Id.* at 1058. We rejected his argument because it was "directly at odds with the plain language" of § 1101(a)(43)(A), which states that "[t]he term [aggravated felony] applies to an offense described in this paragraph whether in violation of Federal or State law." *Id.* at 1058–59 (internal quotation marks omitted); *see also United States v. Baron–Medina*, 187 F.3d 1144, 1146 (9th Cir.1999) ("reject[ing] any suggestion that the federal sexual abuse laws ... limit the class of state laws reached by the term [aggravated felony]"). Thus, the determination whether Yanez–Saucedo's state rape conviction constitutes an aggravated felony "cannot depend on

---

4. We note that "'[w]hile the term [aggravated felony] has always been defined expansively,'" Congress, in the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, substantially broadened the term to include a greater number of crimes. *United States v. Echavarria–Escobar*, 270 F.3d 1265, 1268–69 (9th Cir.2001) (quoting *INS v. St. Cyr*, 533 U.S. 289, 295 n. 4, 121 S.Ct. 2271, 150 L.Ed.2d 347), *cert. denied*, —— U.S. ——, 122 S.Ct. 1943, 152 L.Ed.2d 847 (2002). For example, crimes such as receipt of stolen property, counterfeiting, or forgery may qualify as aggravated felonies. *See* § 1101(a)(43)(G), (R).

5. We need not address Yanez–Saucedo's arguments concerning § 9A.44.060(b), which defines rape as sexual intercourse under a substantial threat to the victim's property rights. Yanez–Saucedo argues that part (b) does not fit within the "classical definition" of rape because "theoretically" a person could be found guilty even if he had consensual sexual intercourse. Yanez–Saucedo pled guilty to an indictment charging him under § 9A.44.060(a). As a result, it is only the characterization of this part (a) that matters. His part (b) argument is simply irrelevant.

the elements of a distinct federal offense." *Castro–Baez*, 217 F.3d at 1059.

Second, Yanez–Saucedo argues that rape under § 9A.44.060(a) does "not meet the classic definition of rape requiring lack of consent *and* proof of force by the offender." (Appellant's Reply Br. at 4) (emphasis in original). If Yanez–Saucedo's conviction does not comport with the "classic" definition of rape, he argues, then his conviction cannot be considered an aggravated felony under § 2L1.2. In order to resolve this issue, we must determine whether non-consensual sexual intercourse in violation of § 9A.44.060(a) falls within the generic, contemporary meaning of rape.

As we explained in *Rivera–Sanchez*, the categorical approach of *Taylor v. United States* provides the analytical framework for determining whether a prior conviction should be considered an aggravated felony for federal sentencing 9580 purposes. In *Taylor*, the Supreme Court construed the term "burglary" for sentencing enhancement purposes using a generic and contemporary definition of the term, rather than following arcane or obsolete common law definitions. 495 U.S. at 592–99, 110 S.Ct. 2143.

In *Castro–Baez*, in order to determine whether a state rape conviction was an aggravated felony within the meaning of § 1101(a)(43)(A), we "define[d] the term rape by 'employing the ordinary, contemporary, and common meaning' of that word and then determine[d] whether or not the conduct prohibited by [the state statute] falls within that common, everyday definition." 217 F.3d at 1059 (quoting *Baron–Medina*, 187 F.3d at 1146). In so doing, we held that a conviction for engaging in sexual intercourse with a victim who could not resist because of drugs or other intoxicants was rape, and thus an aggravated felony. *Id.*

Applying a *Taylor* analysis, Yanez–Saucedo asks this court to hold that his conviction under § 9A.44.060(a) does not qualify as an aggravated felony because no element of force is found in the statute of conviction. Yanez–Saucedo has thus misunderstood third-degree rape under Washington law and we reject his argument.

When applying their state's sexual offense laws, Washington courts have recognized at least two degrees of force: "the force inherent in the act of penetration," *see Washington v. McKnight*, 54 Wash. App. 521, 774 P.2d 532, 535 (Wash.Ct.App. 1989), and "forcible compulsion," defined as either "physical force which overcomes resistance, or a threat, express or implied, that places a person in fear of death or physical injury," *see Washington v. Camara*, 113 Wash.2d 631, 781 P.2d 483, 486 (Wash.1989) (en banc) (citations omitted).

The court in *McKnight* made clear that the force "to which reference is made in forcible compulsion is not the force inherent in the act of penetration but the force used threatened to overcome or prevent resistance by the female." 774 P.2d at 535. Based on this distinction the court concluded that the "degree of force exerted by the perpetrator is the distinguishing feature between second and third degree rape." *Id.* The Washington Supreme Court has also explained that only first- and second-degree rape contain a forcible compulsion requirement. *Camara*, 781 P.2d at 487. 9581 The Washington Supreme Court has also explained that only first- and second-degree rape contain a forcible compulsion requirement. *Camara*, 781 P.2d at 487.

█ Yanez–Saucedo argues that because third-degree rape under § 9A.44.060(a) lacks a forcible compulsion element, it therefore lacks any degree of force. This is simply not true. Washington case law clearly recognizes that there

is a degree of force inherent in third-degree rape. *See also Washington v. Garnica,* 105 Wash.App. 762, 20 P.3d 1069, 1073 (Wash.Ct.App.2001) (explaining that the force used by defendant was "more egregious and well beyond the force and violence typically associated with third degree rape"); *Washington v. Ritola,* 63 Wash.App. 252, 817 P.2d 1390, 1391–92 (Wash.Ct.App.1991) (explaining that rape without forcible compulsion is third-degree rape and forcible compulsion requires "more force than the force normally used to achieve sexual intercourse or sexual contact"); *Washington v. Birgen,* 33 Wash. App. 1, 651 P.2d 240, 247 (Wash.Ct.App. 1982) (noting Washington "rape statutes define a single crime of rape with the degree of punishment dependent on the underlying circumstances").

▪ We further conclude that third-degree rape under § 9A.44.060(a) fits within a generic, contemporary definition of rape, which can, but does not necessarily, include an element of physical force beyond that required for penetration.

This conclusion comports with our circuit's case law. Force beyond the act of penetration was not an element of the offense in *Castro–Baez,* 217 F.3d at 1059 (explaining that rape under California law can be accomplished based on solely non-consensual sexual intercourse with a person whose ability to resist has been substantially impaired by drugs or other intoxicants). Nor was force beyond the act of penetration an element of the rape conviction in *United States v. Riley,* 183 F.3d 1155 (9th Cir.1999). In that case, the defendant argued that "simple rape [wa]s not a crime of violence because it [wa]s merely sex by trickery, deceit, or negligence rather than by force." *Id.* at 1159.[6] Although

we agreed that simple rape was "of a different order than forcible rape," we held it was a crime of violence. *Id.* at 1160–61. We reasoned that simple rape was "a crime against the bodily integrity of the victim" and "create[d] a serious potential risk of physical injury." *Id.* at 1159; *see also* Black's Law Dictionary 1267 (7th ed.1999) (defining rape as "[u]nlawful sexual activity ... with a person ... without consent and *usu[ally]* by force or threat of injury") (emphasis added).

### III. CONCLUSION

Thus, we conclude that under a common, generic, and contemporary meaning of rape, Yanez–Saucedo's conviction under § 9A.44.060(a) for engaging in non-consensual sexual intercourse does constitute a conviction for an aggravated felony under § 2L1.2(b).

Accordingly, we AFFIRM.

---

6. A crime of violence is an aggravated felony if the term of imprisonment is at least one year. 8 U.S.C. § 1101(a)(43)(F). Yanez–Saucedo's rape conviction did not qualify as an aggravated felony crime of violence because his sentence was only nine months imprisonment.