**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Antonio Aka Hipolito DEAGUEROS–CORTES, Defendant—Appellant.**

No. 02–10439.

D.C. No. CR–01–00078–SRB.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 13, 2003.

Decided Aug. 11, 2003.

Before D.W. NELSON and W. FLETCHER, Circuit Judges, and ALSUP,* District Judge.

## MEMORANDUM**

Appellant Antonio Deagueros–Cortes appeals the district court's imposition of a 16–level guideline enhancement under U.S.S.G. § 2L1.2(b)(1) to his sentence for his conviction for illegal re-entry after deportation.

Deagueros–Cortes plead guilty without a plea agreement to illegal re-entry after deportation, 8 U.S.C. § 1326(a), with a sentencing enhancement pursuant to 8 U.S.C. § 1326(b)(2) for a prior aggravated felony, an "attempted sexual assault." Under the sentencing guideline in effect at the time of his initial sentencing, U.S.S.G. § 2L1.2 (2000), all aggravated felonies were subject to a 16–level enhancement. The district court imposed a 16–level enhancement.

On his first appeal, Deagueros–Cortes argued that his prior "attempted sexual assault" could not qualify as an "aggravated felony" under 8 U.S.C. § 1101(a)(43)(A) and (U) because it did not involve a minor, nor under (43)(F) as a "crime of violence"

because the sentence imposed was less than one year. The government's response maintained that defendant's prior offense was a "crime of violence" aggravated felony under (43)(F), "but admit[ted] there [was] no evidence in the record that the victim of the sexual assault was a minor."

In an unpublished memorandum, we found plain error and reversed and remanded to the district court for resentencing. We held that Deagueros–Cortes' prior "attempted sexual assault" conviction was not a "crime of violence" aggravated felony under 8 U.S.C. § 1101(a)(43)(F) because the sentence imposed had been less than one year. The mandate did not address the applicability of an enhancement under (43)(A) and (U) and did not limit the scope of remand.

On remand, the government argued that the mandate did not limit a finding of a guideline "crime of violence" under amended guideline provision U.S.S.G. § 2L1.2(b)(1)(A)(ii) (2001), and application note 1(B)(ii), which had become effective in the interim. The government also asserted that under the old guideline, defendant's prior offense qualified as an "aggravated felony" under 8 U.S.C. § 1101(43)(A) because that statutory provision did not require that the victim of a "rape" be a minor; "minor" was not a qualifier to "rape" or "murder." The district court explained that previously it found that defendant's prior offense was an "aggravated felony" under (43)(A) and (U)—not (43)(F). Deagueros–Cortes's prior "attempted sexual assault" was an attempted "rape," which qualified as an aggravated felony

* The Honorable William Alsup, District Judge for the Northern District of California.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

under (43)(A) and (U) regardless of whether a minor was involved.

The district court further held that under the amended guideline provision, U.S.S.G. § 2L1.2(b)(1)(A) (2001), Deagueros–Cortes's prior offense was a "crime of violence" that called for a 16–level enhancement. The district court noted that this guideline definition of "crime of violence" was different from the statutory definition under 8 U.S.C. § 1101(a)(43)(F).

On resentencing, a district court should apply the sentencing guideline in effect at the time, unless the guideline in effect at the time of defendant's commission of the crime provides for a lesser sentence. *United States v. Guzman–Bruno*, 27 F.3d 420, 422 (9th Cir.1994), *as amended* (9th Cir. Sept. 23, 1994). Deagueros–Cortes now argues that the district court on remand was barred from relying on "attempted rape" as an aggravated felony under (43)(A) and (U) subject to a 16–level enhancement under the old guideline because the government had purportedly waived the issue on appeal. Accordingly, he argues that on resentencing, the district court should have held that under the old guideline, he was only subject to a four-level enhancement and imposed a sentence accordingly.

"On remand, the district court generally should be free to consider any matters relevant to sentencing, even those that may not have been raised at the first sentencing hearing, as if it were sentencing de novo." *United States v. Matthews*, 278 F.3d 880, 885–86 (9th Cir.2002) (en banc), *cert. denied*, 535 U.S. 1120, 122 S.Ct. 2345, 153 L.Ed.2d 173 (2002). In this case, the Ninth Circuit's mandate did not limit the issues on remand at all. There also is nothing in the record to indicate any "deceptive, obstructive, or otherwise inappropriate conduct" by the government. *Id.* at 889. The attorneys representing the government on the first appeal merely argued for what they mistakenly believed was the strongest ground on which to support the district court's enhancement. Furthermore, judicial estoppel did not bar the government's argument on resentencing. The government's argument on appeal that there was no evidence the victim was a minor was not "clearly inconsistent" with its position on remand that the victim need not be a minor for (43)(A) and (U) concerning an "attempted" "rape" to qualify as an aggravated felony. *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir.2001).

The district court did not err in holding that a 16–level enhancement was appropriate under the old guideline. Section 1101(a)(43)(A) applied to defendant's prior attempted sexual assault despite that there was no evidence the victim was a minor. "Of a minor" in (43)(A) did not qualify "rape" or "murder" but rather only qualified the phrase "sexual abuse." *See United States v. Yanez–Saucedo*, 295 F.3d 991 (9th Cir.2002), *cert. denied*, —— U.S. ——, 123 S.Ct. 1312, 154 L.Ed.2d 1066 (Feb. 24, 2003) (applying 8 U.S.C. § 1101(a)(43)(A) to a conviction under a Washington rape statute that proscribed conduct *not* involving minors). Under Deagueros–Cortes's reading, any rape or murder of an adult would not qualify as an aggravated felony under Section 1101(a)(43)(A). When Congress added "rape" and "sexual abuse of a minor" to the list of aggravated felonies covered by 8 U.S.C. § 1101, which already included murder, when it enacted the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, it obviously did not mean to thereby limit "murder" to "murder of a minor." Pub. L. No. 104–208, 110 Stat. 3009 (Sept. 30, 1996). The intent of the amendment was to broaden—not to limit—the scope of "aggravated felo-

ny." *Cf. United States v. Baron–Medina,* 187 F.3d 1144, 1146 (9th Cir.1999) ("When Congress added 'sexual abuse of a minor' to the list of aggravated felonies, it placed it in the company of two other crimes—murder and rape—traditionally proscribed by state law. . . ."). This conclusion comports with the analysis by other circuits that Congress intended to include "rape" under (43)(A) without regard to whether the victim was a minor. *E.g., Guerrero–Perez v. INS,* 242 F.3d 727, 736 (7th Cir. 2001) ("Murder and rape are widely recognized as felony crimes. [Congress grouped] sexual abuse of a minor with these two acts. . . ."); *United States v. Marin–Navarette,* 244 F.3d 1284, 1286 (11th Cir.2001) ("[S]exual abuse of a minor is included in the definition with other flagitious acts such as murder and rape").

Furthermore, the district court did not err in determining that under the amended guideline, U.S.S.G. § 2L1.2 (2001), Deagueros–Cortes's prior offense qualified for a 16–level enhancement. Per our ruling in *United States v. Pimentel–Flores,* 339 F.3d 959 (9th Cir.2003), a "crime of violence" subject to a 16–level enhancement under the amended guideline need *not* have met the statutory definition of an "aggravated felony." Accordingly, Deagueros–Cortes' prior "attempted sexual assault" was a "crime of violence" under the new guideline's definition despite that a sentence exceeding one year was not imposed for the crime.

Under the amended guideline, a "crime of violence" included an offense that has as an element the attempted use of physical force against the person of another and included "forcible sex offenses." U.S.S.G. 2L1.2 cmt. n. 1(B)(ii). Deagueros–Cortes' prior "attempted sexual assault" qualified as a "crime of violence" either per its attempted use of physical force *or* because it was a forcible sex offense. U.S.S.G.

§ 2L1.2 cmt. n. 4 (including attempts to commit such offenses within the guideline); *United States v. Bonilla–Montenegro,* 331 F.3d 1047, 1051 (9th Cir.2003) (stating that U.S.S.G. 2L1.2 cmt. n. 1(B)(ii) is to be read disjunctively not conjunctively).

Whether under the old or the amended guideline, therefore, Deagueros–Cortes's prior "attempted sexual assault" offense qualified his sentence for a 16–level enhancement. Accordingly, the district court's sentencing on remand is hereby AFFIRMED.