[No. 23410-0-III.   Division Three.   November 17, 2005.]

THE STATE OF WASHINGTON, *Respondent*, v. TERRY LEE ATKINS, *Appellant*.

*Stephanie C. Cunningham*, for appellant.

*Ronald S. Zirkle, Prosecuting Attorney*, and *Kenneth L. Ramm, Jr., Deputy*, for respondent.

¶1 Sweeney, A.C.J. — Terry Lee Atkins appeals his convictions for one count of second degree rape (by forcible compulsion) and one count of unlawful imprisonment with sexual motivation. The question presented is whether the offenses merge. We conclude they do not and affirm the judgment and sentence.

## FACTS

¶2 The victim, M.M.A., met up with her niece at a nightclub in Yakima, Washington. M.M.A. drank beer and one mixed drink. During the evening, M.M.A. exchanged significant glances with Mr. Atkins from across the room. At one point she nudged Mr. Atkins, apparently deliberately, as she passed his table. They talked and danced until about midnight, when Mr. Atkins suggested they go to his brother's house to talk more. He drove her car, because M.M.A. had been drinking. He stopped the car in an alley behind a house and walked over to the house. He came back to the car and said his brother was not home. Mr. Atkins drove M.M.A. back to the nightclub to use the ladies' room, then asked her to drive him back to his brother's house. She agreed.

¶3 M.M.A. drove back to the same alley. Mr. Atkins again went up to the house and returned to the car. M.M.A. said she had to leave to pick up her children. Mr. Atkins told her she was not going anywhere until she gave him what he wanted. M.M.A. turned on the headlights, but Mr. Atkins promptly turned them off and took the keys out of the ignition.

¶4 He pulled his pants down and then gave her back the keys. He then grabbed her hand and put it on his penis. M.M.A. was afraid and complied with his wants, kissing and fondling him. A car passed, and M.M.A. opened her door and said she wanted to leave. Mr. Atkins said no, grabbed her by the hair, put a fist to her face, and again said she was going to give him what he wanted. He then pulled her hair and forced her to perform oral sex. He then ordered

her to undress and get into the back of the car where he then forcibly had intercourse with her. She asked if he was done. And he responded no, she would have to stay, and "it's going to last for 20 more minutes." Report of Proceedings (RP) at 374. Mr. Atkins finally demanded that she drop him off at another location, which she did. She immediately told her babysitter and reported the incident to police.

¶5 The State charged Mr. Atkins with unlawful imprisonment with sexual motivation and second degree rape. The defense argued that the unlawful imprisonment was in furtherance of and incidental to the rape and, therefore, merged with the rape. The court rejected this argument and ruled that there was an independent legal basis for the unlawful imprisonment charge:

I think we have to be careful when we look at these issues and not confuse a commonality of factual basis with a commonality of legal elements. And I think the merger doctrine only applies if there is a commonality of legal elements. . . .

Although you may argue that factually a person is going to be somehow unlawfully restrained during the commission of a second degree assault, that's a factual commonality, but it's not a legal commonality. So I would have to conclude that there is no merger, that in fact a person could be, even in the facts as presented in this case, convicted of both offenses if the jury believes the position and evidence taken by the state.

Report of Proceedings at 753-54. The jury convicted Mr. Atkins of both charges. He appeals.

DISCUSSION

MERGER

■■ ¶6 "The merger doctrine is relevant only when a crime is elevated to a higher degree by proof of another crime proscribed elsewhere in the criminal code." *State v. Parmelee*, 108 Wn. App. 702, 710, 32 P.3d 1029 (2001). It is a rule of statutory construction by which the court determines whether the legislature intends to punish a constituent crime (here, unlawful imprisonment for a sexual pur-

pose) separately from the greater crime (here, second degree rape). *State v. Vladovic*, 99 Wn.2d 413, 419-21, 662 P.2d 853 (1983). It is a question of law, and review is de novo. *State v. Freeman*, 153 Wn.2d 765, 770, 108 P.3d 753 (2005). But, as with any canon of statutory construction, we need go no further than the statutes if the language is clear. *State v. Sweet*, 138 Wn.2d 466, 477-78, 980 P.2d 1223 (1999).

¶7 Mr. Atkins contends that the crime of unlawful imprisonment merged into the crime of second degree rape because the unlawful imprisonment was necessary for the rape and incidental to the rape. Because his sole purpose in imprisoning M.M.A. was sexually motivated, just as charged by the State and found by the jury, Mr. Atkins contends the imprisonment is part and parcel of the second degree rape. *State v. Johnson*, 92 Wn.2d 671, 678, 600 P.2d 1249 (1979). Without an independent purpose, he contends, false imprisonment with a sexual motivation necessarily merges into the second degree rape. The false imprisonment here constituted the "forcible compulsion" that is the essential element to elevate the rape to second degree.

¶8 The State responds that merger requires that proof of the component crime be essential to proof of the greater crime. Here, the State contends, the offenses are independent, both legally and factually. The elements of the two crimes are different, because proof of second degree rape does not require proof of false imprisonment. And there was also a different and independent factual basis for each conviction.

¶9 Both the United States Constitution and the Washington State Constitution prohibit multiple convictions for the same offense. *In re Pers. Restraint of Percer*, 150 Wn.2d 41, 75 P.3d 488 (2003). But the legislature can criminalize every step leading to a greater crime, if it so chooses. *Freeman*, 153 Wn.2d at 771. Therefore, determining whether a given set of criminal convictions violates double jeopardy prohibitions is a matter of legislative intent. The

question is only whether the legislature intended to punish each crime or not. *Id.*

¶10 The analysis turns on whether proof of the component crime is necessary to establish the elements of the greater crime. *Vladovic*, 99 Wn.2d at 419-21. An essential holding of *Vladovic* is worth setting out here, since it should drive our analysis:

> We reaffirm our holdings that the merger doctrine is a rule of statutory construction which *only applies* where the Legislature has clearly indicated that in order to prove a particular degree of crime (*e.g.*, first degree rape) the State must prove not only that a defendant committed that crime (*e.g.*, rape) but that the crime was accompanied by an act which is defined as a crime elsewhere in the criminal statutes (*e.g.*, assault or kidnapping).

*Id.* 420-21 (emphasis added). We begin, therefore, with a comparison of the elements of the two crimes.

■ ¶11 *Second Degree Rape by Forcible Compulsion.* Second degree rape (as charged here) requires proof of both sexual intercourse and forcible compulsion. RCW 9A.44-.050(1)(a). Forcible compulsion is "physical force which overcomes resistance, or a threat, express or implied, that places a person in fear of death or physical injury to herself or himself or another person, or in fear that she or he or another person will be kidnapped." RCW 9A.44.010(6). It is force " 'used or threatened to overcome or prevent resistance by the female.' " *State v. McKnight*, 54 Wn. App. 521, 527, 774 P.2d 532 (1989) (quoting 3 Charles E. Torcia, Wharton's Criminal Law § 288, at 34 (14th ed. 1980)). And it is force "more than the force normally used to achieve intercourse or sexual contact." *State v. Ritola*, 63 Wn. App. 252, 254, 817 P.2d 1390 (1991).

■ ¶12 *Unlawful Imprisonment with Sexual Motivation.* Unlawful imprisonment is the knowing restraint of another person. RCW 9A.40.040. To restrain means "to restrict a person's movements without consent and without legal authority in a manner which interferes substantially with his liberty." RCW 9A.40.010(1). And restraint is "with-

out consent" if it is accomplished by physical force or intimidation. RCW 9A.40.010(1)(a). Sexual motivation means that one of the purposes for the restraint was the defendant's sexual gratification. Former RCW 9.94A-.030(39) (2003).

¶13 Even a cursory reading of these two statutes makes clear that it is not necessary to unlawfully imprison a victim to commit the crime of rape by forcible compulsion. It is not, then, a necessary element. *Vladovic*, 99 Wn.2d at 419-20. The unlawful imprisonment here may have been incidental to and an aid in effecting this rape. But that does not mean it was an element the State had to prove to establish the elements of the crime of rape by forcible compulsion.

¶14 Mr. Atkins contends that the only force used to accomplish this rape was his refusal to let M.M.A. leave, i.e., the restraint. But the record suggests otherwise. Mr. Atkins forced M.M.A. on himself in the front seat of her car, and he forced himself on her in the back seat. Those facts easily satisfy the elements of second degree rape by forcible compulsion.

¶15 We conclude that the unlawful imprisonment did not merge with second degree rape.

SUFFICIENCY OF THE EVIDENCE

¶16 Mr. Atkins next contends that, even if the unlawful imprisonment did not merge with the rape, the State failed to prove the imprisonment as a separate crime. Again, he bases this contention on the fact that the sole purpose of the restraint was to accomplish the rape. It was, he argues, incidental to the rape and therefore not a separate crime.

¶17 The State responds that the evidence is amply sufficient to support both convictions, in light of the deferential standard imposed on the court for review of a jury's verdict.

¶18 The test for sufficiency of the evidence is whether, after viewing the evidence and all reasonable

inferences most favorably to the State, any rational trier of fact could have found guilt beyond a reasonable doubt. *State v. Green*, 94 Wn.2d 216, 221, 616 P.2d 628 (1980). We defer to the trier of fact to weigh the evidence and judge the credibility of the witnesses. *State v. Bryant*, 89 Wn. App. 857, 869, 950 P.2d 1004 (1998).

¶19 Mr. Atkins again confuses the purpose of the unlawful imprisonment with the necessary elements for second degree rape. The State recognized that the unlawful imprisonment here was sexually motivated and charged Mr. Atkins accordingly. But, even if the rape had never been accomplished—if Mr. Atkins had abandoned his rape—he would still be guilty of unlawful imprisonment with a sexual motivation.

¶20 He told M.M.A., in an intimidating tone of voice, she was not going anywhere until he got what he wanted. He forced her back into the car when she tried to get out. He threatened her in an intimidating tone of voice when she tried to turn the lights on to signal a passing car in the alleyway. All of this supports the essential element of unlawful imprisonment—restraint.

¶21 Forcing himself on M.M.A. both in the front seat and the back seat of her car was over and above the unlawful imprisonment. There is, then, ample evidence to support both convictions.

¶22 We find ample evidence to establish sufficient facts, independent of those necessary to support the rape conviction, to support the unlawful imprisonment conviction.

¶23 We affirm both convictions.

SCHULTHEIS and BROWN, JJ., concur.