**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Lucio RIVERA–GRIJALVA, Defendant—Appellant.**

**No. 05–50329.**

United States Court of Appeals, Ninth Circuit.

Submitted March 8, 2006.*

Decided April 17, 2006.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Daniel J. Lenerz, United States Attorney's Office, Southern District of California, San Diego, CA, for Plaintiff–Appellee.

Alice L. Fontier, Esq., FDSD—Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: HALL, THOMAS, and TALLMAN, Circuit Judges.

## MEMORANDUM **

Appellant/Defendant, Lucio Rivera–Grijalva ("Rivera") appeals his conviction of one count of being in the United States in violation of 8 U.S.C. § 1326 and the resulting 37–month custodial sentence. We affirm.

■ Rivera's Sixth Amendment challenge to his conviction based on the use of a Certificate of Nonexistence of Record to establish that he did not have permission to reenter the country is precluded by *United States v. Cervantes–Flores*, 421 F.3d 825 (9th Cir.2005).

■ The district court did not err in imposing the sentence. The district court did not err in holding that a state conviction for possession of heroin could be considered an "aggravated felony" for purposes of enhancing his sentence under U.S.S.G. § 2L1.2. As Rivera concedes, this court has consistently "interpreted the term 'aggravated felony' to encompass any drug offense that is: (1) punishable under the Controlled Substances Act and (2) a felony under either federal or state law" for purposes of the sentencing guidelines. *United States v. Rios–Beltran*, 361 F.3d 1204, 1207 (9th Cir.2004).

---

The government's proof was sufficient to sustain the sentencing enhancement. The original information, the amended information, and the commitment order which indicates that "said defendant is guilty as charged in the Amended information filed herein" all identified the offense as a felony. Further, there was sufficient evidence to support a finding that "Luis G. Contreras" is one of Rivera's aliases and that the Nebraska conviction is therefore attributable to Rivera. Contrary to Rivera's assertions, the limitations on documentation to determine whether a state conviction is a factual predicate for a federal sentencing enhancement outlined in *Shepard v. United States,* 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005), and *Taylor v. United States,* 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), do not extend to this type of proof.

Rivera's challenge to the continued viability of *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998) is precluded by *United States v. Pacheco–Zepeda,* 234 F.3d 411, 414 (9th Cir.2001). In addition, contrary to Rivera's assertions, *Almendarez–Torres* is not limited "to cases where a defendant admits prior aggravated felony convictions on the record." *United States v. Yanez–Saucedo,* 295 F.3d 991, 993 (9th Cir.2002) (internal quotation omitted).

**AFFIRMED.**