**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUAN CARLOS MENDOZA, AKA Juan Mendez,<br><br>        Petitioner,<br><br>  v.<br><br>ERIC H. HOLDER JR., Attorney General,<br><br>        Respondent, | No. 08-72046<br><br>Agency No. A076-452-961<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 16, 2012
San Francisco, California

Before: B. FLETCHER, NOONAN, and PAEZ, Circuit Judges.

An immigration judge (IJ) found that Juan Carlos Mendoza was removable based on his conviction for rape in the third degree under New York Penal Law § 130.25(1), an aggravated felony under § 101(a)(43)(A) of the Immigration and

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Nationality Act. The Board of Immigration Appeals (BIA) affirmed the IJ's decision. Mendoza petitions for review of the BIA's order dismissing his appeal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We deny the petition for review.

Mendoza contends that the IJ violated his due process rights by asking him if the conviction documents submitted by the government "relat[ed]" to him, without explaining that he could object to admission of the documents. Mendoza appeared pro se in the removal proceedings. We review de novo claims of due process violations in removal proceedings. *Jacinto v. INS*, 208 F.3d 725, 727 (9th Cir. 2000).

Due process is violated in an immigration proceeding when "(1) the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case, and (2) the alien demonstrates prejudice, which means that the outcome of the proceeding may have been affected by the alleged violation." *Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620–21 (9th Cir. 2006) (internal citations and quotation marks omitted). Here, there is no indication that the IJ prevented Mendoza from reasonably presenting his case. The record demonstrates that Mendoza understood the IJ's question, and that he had decided

no longer to dispute the fact of his conviction, instead arguing that his conviction did not qualify as an aggravated felony.

Furthermore, Mendoza cannot show that he was prejudiced by his failure to object to the conviction documents. Mendoza does not explain precisely what objection he would have made, but he argues generally that the documents were not sufficient to establish the fact of his conviction for third degree rape. We disagree. Among other things, the government submitted an information specifying that Mendoza was charged with third degree rape under New York Penal Law § 130.25(1); a waiver of appeal that references the information number and indicates that it was signed as part of a plea agreement; and a sentence and commitment form referencing the information number and noting that Mendoza was convicted under § 130.25. These documents were properly admitted into the record and are sufficient to prove the fact that Mendoza was convicted of third degree rape under § 130.25(1). *See* 8 U.S.C. § 1229a(c)(3)(B)(vi).

Because third degree rape under § 130.25(1) is categorically an aggravated felony, we need not consider whether these documents would be sufficient under the modified categorical approach. We review de novo whether a conviction qualifies as an aggravated felony. *Carlos-Blaza v. Holder*, 611 F.3d 583, 587 (9th Cir. 2010). Section 130.25(1) provides that "[a] person is guilty of rape in the third

degree when . . . [h]e or she engages in sexual intercourse with another person who is incapable of consent by reason of some factor other than being less than seventeen years old." We have previously held that nonconsensual sexual intercourse falls within the common definition of rape and is thus categorically an aggravated felony. *See, e.g.*, *United States v. Yanez Saucedo*, 295 F.3d 991, 995–96 (9th Cir. 2002); *Castro-Baez v. Reno*, 217 F.3d 1057, 1059 (9th Cir. 2000). The BIA correctly applied this precedent to determine that Mendoza's conviction was an aggravated felony. We are not persuaded by Mendoza's argument that the BIA erred by failing to expressly state that it was using the "categorical approach."

The petition for review is DENIED.