FILED

JUL 24 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SALVADOR ESPINOZA-GONZALEZ, AKA Salvador G. Espinoza, Petitioner, v. ERIC H. HOLDER, Jr., Attorney General, Respondent. | No. 11-70360 Agency No. A021-576-036 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 6, 2013
Pasadena, California

Before: TROTT, LUCERO[**], and W. FLETCHER, Circuit Judges.

Petitioner Salvador Espinoza-Gonzalez ("Espinoza") was a Lawful

Permanent Resident of the United States when he pled no contest to sexual abuse

under Arizona Criminal Code § 13-1404.  During removal proceedings, the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Carlos F. Lucero, Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

Immigration Judge ("IJ") applied the modified categorical approach and determined that Espinoza's prior conviction constituted a "rape" for purposes of 8 U.S.C. § 1101(43)(A), an aggravated felony. The IJ relied on statements made during Espinoza's plea colloquy to determine that Espinoza's conviction constituted a rape. On this basis, the IJ found Espinoza removable and unable to claim cancellation of removal. The BIA affirmed without opinion.

Sexual abuse, the crime to which Espinoza pled, is defined under Arizona law as:

> A person commits sexual abuse by intentionally or knowingly engaging in sexual contact with any person who is fifteen or more years of age without consent of that person or with any person who is under fifteen years of age if the sexual contact involves only the female breast.

> Ariz. Rev. Stat. § 13-1404.

> Arizona defines "sexual contact" as:

> 2. "Sexual contact" means any direct or indirect touching, fondling or manipulating of any part of the genitals, anus or female breast by any part of the body or by any object or causing a person to engage in such contact.

Ariz. Rev. Stat. § 13-1401(2).

The parties agree that the generic crime of rape requires some type of intercourse or penetration. The IJ also adopted this definition. This is consistent with Ninth Circuit case law. *See Castro-Baez v. Reno*, 217 F.3d 1057, 1059 (9th

2

Cir. 2000); *see also United States v. Yanez-Saucedo*, 295 F.3d 991, 995 (9th Cir. 2002). The parties also agree that because Espinoza's conviction required only the element of "sexual contact," which does not specify penetration under Arizona law, the conviction for sexual abuse is not a categorical match for a "rape" under 8 U.S.C. § 1101(43)(A). *See Taylor v. United States*, 495 U.S. 575, 598-600 (1990). Espinoza's conviction is only an aggravated felony if it qualifies under the modified categorical approach. *See Shepard v. United States*, 544 U.S. 13, 26 (2005).

While Espinoza's case was pending before this court, the Supreme Court reversed this circuit's recent en banc holding addressing this issue, *United States v. Aguila-Montes de Oca*, 655 F.3d 915, 940 (9th Cir. 2011). *See Descamps v. United States*, 133 S. Ct. 2276, 2283 (2013). The Court rejected *Aguila*'s methodology as "turn[ing] an elements-based inquiry into an evidence-based one." *Id*. at 2287. The *Descamps* opinion reiterated that the modified categorical approach is useful *only* to enumerate the actual *elements* of the crime of conviction, not to determine whether the facts that might underlie the conviction constitute the generic crime. *Id*. at 2285-87. The modified categorical approach applies only when a statute provides multiple alternative methods for conviction, at least one of which would include all of the elements of the generic crime. *Id*. at 2285.

In this case, none of the forms of contact included in the definition of "sexual contact" requires penetration. This is in direct contrast to Arizona's definition of "sexual intercourse":

> "Sexual intercourse" means penetration into the penis, vulva or anus by any part of the body or by any object or masturbatory contact with the penis or vulva.

Ariz. Rev. Stat. § 13-1401(3). Penetration is thus never a required element of sexual abuse under any formulation. Regardless of whether the Arizona statute is technically "divisible" in its form, no method of division would produce the required element.

The Government argues that we should not apply the *Descamps* rule to this case because *Descamps* addresses a criminal statute, the Armed Career Criminal Act, rather than a civil immigration statute. Notably, prior to the Court's decision in *Descamps*, the Government did not argue in its briefs that *Shepard* and *Taylor* were inapplicable in the immigration context. We see no reason to ignore *Descamps*. The Supreme Court applies its criminal-law precedents in the immigration context, and vice versa. *See, e.g., Descamps*, 133 S. Ct. at 2283-85; *Moncrieffe v. Holder*, 133 S. Ct. 1678, 1684-85 (2013); *Johnson v. United States*, 559 U.S. 133, 144 (2010); *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 186-89 (2007); *see also Young v. Holder*, 697 F.3d 976, 982 (9th Cir. 2012).

Remand is unnecessary here. This is not an instance where additional fact-finding might be necessary for a "circumstance-specific" analysis, given that the Supreme Court has already expressly held that "rape" as defined in 8 U.S.C. § 1101(43)(A) is a generic crime. *Nijhawan v. Holder*, 557 U.S. 29, 37 (2009) ("The 'aggravated felony' statute lists several of its 'offenses' in language that must refer to generic crimes. Subparagraph (A), for example, lists 'murder, rape, or sexual abuse of a minor.'").

We GRANT the Petition for Review and REMAND for further proceedings consistent with this disposition.

**GRANTED** and **REMANDED**.